## MAXWELL v. BROOKS.

PLEADING.— *Written Instrument.*— *One Copy Sufficient for Several Paragraphs.*— Where more paragraphs than one of a pleading are based upon the same written instrument, each professing to set out a copy thereof, one copy, attached to such pleading, is sufficient.

SUPREME COURT.—*Practice.*—*Harmless Error.*—Where, on appeal to the supreme court, the record affirmatively shows that the appellant has suffered no injury from an alleged erroneous ruling of the court below, it is unnecessary for the supreme court to inquire as to the correctness of the ruling complained of.

MORTGAGE ON LAND.—*Not Recorded.*—*Notice.*—*Subsequent Purchaser.*—Where a person has procured the conveyance to himself of a tract of land, with knowledge of the existence of an unrecorded, valid mortgage thereon, in favor of another, he takes it subject to the lien of such mortgage.

SAME.—*Debt Secured by.*—*Payment.*—*On Condition.*—*Failure of Condition.*— *Foreclosure.*—A. owed B. a certain sum, and, to secure its payment, executed to the latter a mortgage upon certain land, and afterwards conveyed the same to C., who received such conveyance with the knowledge of the existence of such mortgage, which had never been recorded. D., upon a sufficient consideration moving to him from A., executed his promissory note for the amount of A.'s debt to B., and B. received it with the agreement that upon its payment, and upon that condition alone, A.'s debt to him should be thereby paid and discharged.

Maxwell v. Brooks.

*Held*, that upon D.'s failure to pay said note, B. may have foreclosure of such mortgage as against C.

PRACTICE.—*Depositions.—Taken Before, may be Used After a Complaint is Divided.*—The complaint, in a suit by two persons as joint plaintiffs, contained but one paragraph, and depositions were taken by them to be used on the trial. Afterwards, on motion of the defendant, the name of one of the plaintiffs was struck out, and the cause ordered to be docketed in the name of the remaining plaintiff, who then filed, without objection by defendant, an amended complaint of several paragraphs. To this, a demurrer for misjoinder of causes of action was sustained, the complaint divided, and separate actions docketed.

*Held*, that such depositions, if relevant, may be used on the trial of either or all of such actions.

SAME.—*Supreme Court.—Damages.—Mistake in Assessing.*—Where the amount of damages assessed by a jury trying a cause differs but slightly from the real amount due, and judgment is rendered for the amount of such finding, the supreme court, on appeal, will not reverse such judgment on that account.

From the Wayne Circuit Court.

*L. D. Stubbs*, for appellant.

*J. M. Washburn* and *P. V. Washburn*, for appellee.

WORDEN, C. J.—This was an action by Brooks against Maxwell to foreclose a mortgage. Issue; trial by jury; verdict and judgment for the plaintiff below.

We will notice the points made in the brief of counsel for the appellant.

The original complaint was filed in the name of Brooks and one Henry J. Dingley, as plaintiffs, against Maxwell, consisting of one paragraph, which was in the nature of a complaint for specific performance of a contract in relation to the same land as that embraced in the mortgage. While the original complaint was pending, the plaintiffs took the deposition of one Ephraim Overman. Afterwards, the parties appearing, on motion of Brooks the name of Dingley was struck out, and it was ordered that the cause be known as *Brooks* v. *Maxwell*.

Afterwards, Brooks filed an amended complaint, consisting of four paragraphs. A demurrer to each paragraph for want of sufficient facts was overruled, and exception taken; but a demurrer for misjoinder of causes

of action was sustained, and the court ordered two actions to be docketed, one embracing ·the first paragraph of the amended complaint, and the other the second, third and fourth paragraphs. Here, we lose sight of the first paragraph, as this was the action docketed upon the others.

The appellant contends that the second, third and fourth paragraphs were all bad. We find it abundantly clear, from an examination of the record, that the trial· was had, and the judgment rendered, solely upon the fourth paragraph; the second and third being virtually abandoned, and forming no ground on which the judgment was rendered. It is, therefore, unnecessary for us to examine the second and third paragraphs, ·for, if bad, the appellant suffered no injury by the ruling on the demurrers to them. This affirmatively appears.

The fourth paragraph alleged, in substance, that on September 8th, 1869, Ephraim Overman was indebted to the plaintiff in the sum of four hundred dollars, on a promissory note; that on that day, Overman and his wife executed to the plaintiff a deed of conveyance, absolute on its face, for certain real estate, described, a copy of which deed, it was alleged, was filed with the complaint; that, concurrently with the execution of the deed, the plaintiff executed to Overman the following instrument, viz.:

"Whereas Ephraim Overman has deeded to me about two (2) acres of land for this note, now I hereby agree that if said Overman will pay me four hundred dollars, with six per cent. interest from the date of said deed, being September 8th, 1869, within twelve months from the date of said· deed, I will reconvey said land to said Overman.                    JOHN BROOKS.

"RICHMOND, September 8th, 1869."

It was alleged that no part of the four hundred dollars or the interest thereon had been paid, but that the same remained due and unpaid. It was alleged that the deed and the agreement to reconvey constituted a mortgage to

secure the payment of the four hundred dollars and interest.

It was further alleged that after the above mentioned transactions, Overman and his wife conveyed the mortgaged premises to the defendant, Maxwell, without any consideration paid therefor, the latter having full notice of the plaintiff's rights in the premises. Prayer for foreclosure, etc.

We find in the record, as an exhibit, a copy of the deed from Overman and wife to the plaintiff. The second paragraph of the complaint also professes to make it an exhibit, and it is copied in the transcript, immediately following the second paragraph. The several paragraphs of the complaint were all filed at the same time, two of them making the same paper an exhibit. We think the copy was sufficiently made a part of the fourth paragraph, as well as of the second. Where more paragraphs than one are based upon a written instrument, each professing to set out a copy, one copy is sufficient. To require more would subserve no good purpose, but would unnecessarily increase expense and encumber the record. The only objection urged to the fourth paragraph is that a copy of the deed was not filed with it.

We proceed to other questions.

It is claimed that the second paragraph of the reply to the second paragraph of the answer was bad.

The second paragraph of the answer alleges, in substance, that the debt from Overman to Brooks was paid within the time limited, in the following manner, viz.:

That one Henry J. Dingley, on November 15th, 1869, executed his note to Brooks for four hundred dollars, payable September 5th, 1870, with interest from September 5th, 1869, which Brooks accepted and received in payment and satisfaction of the Overman debt. That the consideration of the latter note was a bond, executed by Overman and his wife to Dingley, concurrently with the execution of the note, whereby Overman bound himself

to convey to Dingley certain lands, which bond is still outstanding and in full force. That the deed from Overman to the defendant was based upon a valuable consideration, which is set out, and that the defendant purchased the land in good faith, without any notice of the plaintiff's rights, the conveyance from Overman to him not having been recorded.

To this, the plaintiff, in his second paragraph, replied, amongst other things, that before the property was conveyed by Overman to the defendant, it had been conveyed to the plaintiff by Overman, by a deed operating by way of a mortgage to secure the four hundred dollars, the defendant well knowing that fact when he took his deed from the Overmans, and, being so conveyed to the plaintiff, the land was, by Overman, contracted to be sold to Dingley, which the defendant well knew. That, in the contract, Dingley was to pay the plaintiff the note executed to him by Dingley, and, upon payment thereof, the claim against Overman was to be satisfied, but not unless paid. That the defendant, with full knowledge, and by his own wrongful act, procured a deed from Overman for the same land, and so defeated the contract with Dingley; and Dingley, not receiving his deed from Overman, declined and refused to pay his note to the plaintiff; it being agreed that the plaintiff's claim, upon the mortgage, was to be satisfied only in case the Dingley note should be paid.

The paragraph of answer sets up two grounds of defence, viz.:

1. That the defendant was a purchaser in good faith, for a valuable consideration; and,

2. That the plaintiff's claim has been paid.

The replication meets both of them. It avers that the defendant took his conveyance, well knowing that Overman had conveyed the property to the plaintiff, by a deed operating as a mortgage to secure the payment of the four hundred dollars. As to the payment, it alleges,

substantially, that the Dingley note was not received as payment or satisfaction of the claim in suit, unless the same should be paid. This is a good reply to that portion of the answer, without considering the replication in any other aspect. *Tyner* v. *Stoops*, 11 Ind. 22; *Maxwell* v. *Day*, 45 Ind. 509. The replication was, in our opinion, substantially good.

On the trial of the cause, the deposition of Overman, taken as before stated, was offered to be read in evidence by the plaintiff, but the defendant objected, because it was taken when no paragraph of the complaint in this cause was, or ever had been, on file, but while the original complaint of one paragraph was pending; and because it was taken between different parties, and was irrelevant; but the objection was overruled, the deposition read, and the defendant excepted.

The deposition was sufficiently relevant to the matter in issue, and the only question is, whether it was admissible, having been taken as before stated. The statute provides that "In all actions depositions may be taken by either party in vacation, immediately after the service of the summons, without an order of court, and, in term time, by the agreement of the parties. They may be used on the trial of all issues in any action in the following cases;" etc. 2 R. S. 1876, p. 140, sec. 250. The section goes on to provide for cases in which depositions may be read, and the case before us is one of them, and the deposition was properly read, if properly taken in this cause.

Section 267 of the same statute provides that "When an action has been dismissed, and another action has been commenced for the same cause, the depositions taken in the first action may be used in the second, or in any other action between the parties or their representatives for the same cause;" etc. 2 R. S. 1876, p. 144.

The case here does not seem to fall within section 267, because, here, no action has been dismissed and another

commenced. Here, but one action had been commenced, which, having undergone some mutations, resulted in the judgment appealed from. We must hold that the deposition was taken in this action, which was pending at the time it was taken. When the deposition was taken, the action may have been pending for a cause different from that stated in the fourth paragraph of the amended complaint, but the action was the same, there having been but one commenced. The first change in the action was the striking out of the name of Dingley, as plaintiff, and the order that the cause be known as *Brooks* v. *Maxwell*. To this, the defendant did not object. This was not a dismissal of the old action, and the commencement of another one. It was a continuation of the old action, with one of the plaintiffs dropped out. To this, the defendant must be deemed to have consented, because he did not object.

Then, the plaintiff filed the amended complaint with the four paragraphs. To this, the defendant does not appear to have objected. The amended complaint superseded and took the place of the original, and was filed in the original action thus ordered to be known as *Brooks* v. *Maxwell*. If the amended complaint contained matter that could not properly have been filed as an amendment to the original, as if it contained matter so entirely foreign to the matter of the original complaint that it presented an entirely different cause of action, the defendant, if he wished to avail himself of the objection, should have objected to the filing of the amended complaint, or have moved to strike out the objectionable matter. This, however, was not done.

The amended complaint was filed in the original action without objection.

The defendant's demurrer to the amended complaint, for misjoinder of causes of action, produced what we believe is known in natural history as multiplication by division. The complaint was divided into two parts, and

Maxwell *v.* Brooks.

each part docketed as a separate action. The two actions, thus docketed, were, however, but parts of the original. They were not brought into existence as separate actions by the ordinary process of complaint and summons. No new action was commenced. No new process was served, nor was it necessary that there should have been. The two actions, thus docketed, sprung from the division of the original, single action. Had the deposition been taken in one of the actions, after the complaint had been divided and two actions docketed, it is probable that it could not have been read in the other. After that time, the two actions should perhaps be regarded for all purposes as separate. But where an action is commenced, and depositions taken in it, and, on demurrer for misjoinder of causes of action, the complaint is afterwards divided, and separate actions are docketed, we think the depositions may be read in either or all of them, if relevant. There was, in our opinion, no error in admitting the deposition.

We can not disturb the case on the evidence.

The appellant claims that the instructions asked by him should have been given. The charges given by the court seem to have covered the whole ground, and we think there was no error in refusing those asked by the defendant.

There remains one more point to be considered. One of the causes for a new trial was, that the damages were excessive. The amount assessed was five hundred and six dollars and thirty-three cents. The plaintiff was entitled to six per cent. interest on his four hundred dollars, from September 8th, 1869, up to the time the verdict and judgment were rendered, December 31st, 1873. There was then due, as we compute the interest, the sum of five hundred and three dollars and fifty-three cents, the verdict being excessive to the amount of two dollars and eighty cents. This excess, however, is so small, arising probably from an error in computing the interest,

that we will not reverse the judgment on that ground, but apply the maxim, *de minimis non curat lex.*

The judgment below is affirmed, with costs.