Darnell *v.* Keller *et al*

---

### Darnell *v.* Keller et al.

[No. 2,281. Filed Dec. 18, 1896. Rehearing denied June 10. 1897.]

MUNICIPAL CORPORATION.—*Foreclosure of Assessment Lien for Sidewalk Improvement.—Complaint.*—In an action to foreclose an assessment lien for the construction of a sidewalk, an averment in the complaint "that the plaintiffs completed said work in accordance with the terms and stipulations of said agreement, to the entire satisfaction of the department of the public works of said city, and the same was duly accepted by said department," is a sufficient averment that the plaintiffs completed the work, and performed all the conditions of said contract on their part to be performed. *pp. 104, 105.*

SAME.—*Failure of Property Owner to Pay Assessment for Sidewalk Improvement.—Action.*—The contractor's remedy upon the failure of a property owner to pay an assessment lien for the construction of a sidewalk is exclusively *in rem. p. 106.*

SAME.—*Sidewalk Improvement.—Foreclosure of Lien.—Counterclaim.*—In an action to enforce a lien for an assessment for the construction of a sidewalk, the defendant cannot set up as a counterclaim damages sustained by reason of the failure to do the work according to the plans and specifications. *pp. 105–107.*

SAME.—*Lien for Sidewalk Improvement.—Indianapolis City Charter.*
—Under the act of March 6, 1891, known as the Indianapolis city
charter, the board of public works are the sole judges of the ques-
tion as to whether a contract for the construction of a sidewalk
was performed according to its terms, and acceptance by such
board, in the absence of fraud, is conclusive.   *p. 108.*

SAME.—*Sidewalk Improvement.—Indianapolis City Charter.—Fraud.*
—Fraud on the part of the contractors for a sidewalk improvement
under the Indianapolis city charter, to invalidate the acceptance of
the work by the board of public works, must be fraud in connec-
tion with the act of the board in the approval of the work, and the
mere fact that the work was fraudulently done is not sufficient.
*p. 109.*

From the Marion Superior Court. *Affirmed.*

*W. N. Harding, A. R. Hovey, U. J. Hammond* and
*E. S. G. Rogers,* for appellant.

*S. M. Richcreek,* for appellees.

REINHARD, J.—The appellees, as partners, brought
this suit to foreclose a statutory lien for an assess-
ment for the construction of a sidewalk in front of
appellant's property, in North Illinois street, in the
city of Indianapolis.  The complaint is assailed by de-
murrer and otherwise, upon the alleged ground "that
it is based upŏn a contract on the part of the appellees
to construct a sidewalk according to certain plans and
specifications, and contains no proper or sufficient
averment that the appellees completed the work and
performed all the conditions of said contract on their
part to be performed."

The objection is not well taken.  The complaint
avers, among other things, "that said plaintiffs com-
pleted said work in accordance with the terms and
stipulations of said agreement, to the entire satisfac-
tion of the department of public works of said city,
and the same was duly accepted by said department."

Granting that performance is a condition precedent,
and that the complaint would not be sufficient without

an averment thereof, we think the complaint contains such an averment. Under the common law rule, the plaintiff was required to allege particularly the performance of each separate condition. Our statute has modified this rule by providing that it shall be sufficient to allege, generally, in such cases, that the plaintiff "performed all the conditions on his part." Section 373, Burns' R. S. 1894 (370, Horner's R. S. 1896). Hence, it is not necessary, under our practice, to state the facts constituting the perfomance. *Watson* v. *Deeds,* 3 Ind. App. 75.

Nor is it essential that the party alleging the performance shall use the exact words of the statute. It is sufficient if equivalent language be employed. *Louisville Underwriters* v. *Durland,* 123 Ind. 544. If it be true that the appellees "completed the work in accordance with the terms and stipulations of the agreement," and "to the entire satisfaction of the department of public works of said city, and the same was duly accepted by said department," they have performed all the conditions on their part. It is true the averment contained in the complaint is somewhat in the nature of a conclusion, and that conclusions are, as a general rule, obnoxious to the rules of good pleading, but the language here used partakes no more of the characteristics of a legal conclusion than that employed by the statute itself. It cannot, therefore, be fatally defective on this ground.

It is next insisted that the court erred in sustaining the demurrer of the appellees to the appellant's counterclaim. This pleading proceeds upon the theory that the work was not done according to the plans and specifications, and that the appellant was damaged thereby. We are of opinion that a counterclaim will not lie in such a case. If the failure to do the work according to the stipulations of the contract can at

all be inquired into in such a case as this, it will be as an answer in bar of the action to foreclose the lien. The contractor has no personal claim or right of action against the landowner by reason of the construction of the work. He could not recover a personal judgment against the owner. The only right he acquires is derived through the act of the city authorities by reason of the public utility of the improvements. The city has no power to improve the property of a citizen simply because it will benefit such owner. This can be done only when the improvement is of public benefit or necessity. The improvement may, and in certain cases must be, of special benefit also to the owner; but this must be in addition to the general benefit which such owner will derive as a member of the community. The owner makes no agreement with the contractor out of which any reciprocal rights and liabilities can arise. The property of the owner is only a security by which the city guarantees to the contractor the payment for the work he engages to perform. The contractor's remedy against the owner is exclusively *in rem.* As he has no personal right of action against the owner by reason of the contract, no reciprocal right growing out of the contract can accrue to the owner against the contractor. If a purchaser at a tax sale who acquires a lien on the real estate of another should sue to foreclose such lien, no one versed in the law would contend, we apprehend, that such lien could be reduced by a counterclaim set up by the owner. In such a case the purchaser acquires a lien by the purchase in lieu of the lien held by the State or county through the power of taxation exercised. Assessments for public improvements are but a system of special taxation. The municipality acquires the lien, and passes it to the contractor by reason of the exercise of this

power of taxation. If the municipal corporation were authorized, and had itself made the improvements as provided in its ordinance, it could enforce the lien. If it had failed to do so, in whole or in part, the claim for such improvement could not be enforced. There could be no recovery *pro tanto*. The city cannot speculate upon the property of the citizen. It may make improvements which are necessary for the public welfare, but it must make them in accordance with the scheme mapped out and determined upon by the proper authorities. It cannot order a sidewalk, and in furtherance of such order construct a sewer and fasten a lien upon the property of the citizen affected by it. What the municipality itself cannot do, it has no power to authorize another to do. The contractor acquires no greater right than the city itself possesses. If he has not performed the work according to the devised plan and his undertaking, he cannot recover for it. There is no such thing as a recovery *pro tanto*. If he has performed the work which he undertook to perform, and the proper tribunal or authority so determines, he may enforce his remedy, and all of his remedy. If he has failed in this, in whole or in part, it is the duty of the proper authority to reject the work, and he cannot receive any pay for it. There may be a question, of course, as to whether the person or board whose duty it is to accept the work has properly discharged such duty or not, and whether for a failure to do so the owner of the property may have some remedy, but if the work has been properly accepted as completed in accordance with the contract, the claimant is entitled to his full remedy. If he can not have this, he can have nothing. A counterclaim can have no place in a proceeding for the enforcement of such a remedy.

In *Laverty* v. *State, ex rel.,* 109 Ind. 217, the Supreme

Court expressly held that in an action to enforce a lien for a ditch assessment, the defendant cannot set up as a counterclaim or set-off damages sustained by him by reason of the failure of the ditch commissioner to complete the work according to his undertaking.

The appellant further complains that the court erred in sustaining the appellees' demurrer to his answer. This pleading contains a statement of substantially the same facts that are set forth in what is denominated the counterclaim, upon which we have just passed. It attempts to set up these facts as a defense to the appellees' right of enforcing the lien, on the ground that the work was not done according to the contract. The board of public works are by the statute made the sole judges of the question whether the work has been done according to the terms and provisions of the contract or not. Section 3844, Burns' R. S. 1894. It is held by some of the authorities that such acceptance is only *prima facie* evidence of the performance according to the contract. But where the statute gives no appeal, or no right to contest the question of the proper performance of the work, the great weight of authority is that the acceptance is conclusive upon the property owner, unless such acceptance was fraudulent. Section 416, Elliott, Roads and Streets. *People, ex rel.,* v. *Fidelity and Casualty Co.,* 153 Ill. 25, 38 N. E. 752; *Board, etc.,* v. *Newlin,* 132 Ind. 27.

Says Judge Cooley: "It is no defense to an assessment that the contract for the work was not performed according to its terms. The proper authorities must decide upon this, and if they accept the work the acceptance, in the absence of fraud, is conclusive." Cooley, Tax'n (1st ed.), 468.

An attempt is made in the answer to show that the deviation from the terms of the contract by the ap-

pellees was fraudulent. But while the appellant roundly stigmatizes the method of performing the work as fraudulent and vicious, she nowhere attempts to show that the board of public works was in any way imposed upon or deceived by the acts of the appellees in the acceptance of the work. That she notified the board that the work was not done according to contract, and that they refused to take any notice of such information, does not taint the act of the board in the acceptance of the work with fraud. The judgment of the board in passing upon the question of the contractor's compliance with the contract is of a *quasi* judicial character. Fraud may render such acts void, but, if so, the fraud must be on the part of the contractor in connection with the act of the board in the approval of the work. The mere fact that the work was "fraudulently" done will not of itself render the approval void. To characterize the work done and materials furnished as fraudulent means no more than that they did not comply with the contract. To properly charge fraud in the acceptance, the *quasi* judicial act of approval must be fraudulent or tainted with fraud. Even then, it is a question whether this may be shown in defense of the action to foreclose, or whether the owner is not compelled to first bring a suit in equity to set aside the acceptance. See *Haley* v. *City of Alton,* 152 Ill. 113, 38 N. E. 750.

The appellant also attempts to raise the constitutionality of the statute under which these proceedings were had, because such statute deprives the citizen of his property without "due process of law." But it is not our province to decide such questions, and as this case was transferred to our docket from that of the Supreme Court, we must assume that that court had determined that the question was not properly presented.

Judgment affirmed.