## GORMAN ET AL. v. THE STATE EX REL. KOESTER.

[No. 19,323. Filed June 27, 1901.]

MUNICIPAL CORPORATIONS.—*Assessment for Street Improvements.— Modification by Board of Public Works. — Mandamus. —* Under §3981 Burns Supp. 1897, providing the manner in which property shall be assessed for street improvements, the board of public works can not be compelled by mandate to make a new assessment for an amount the court thinks right, after such board, in compliance with the statute, has confirmed the assessment, and delivered the assessment roll to the department of finance. *pp. 207-209.*

SAME.—*Assessment for Street Improvements. —Collateral Attack.—* Where a person is summoned before a tribunal to challenge an assessment against his property for street improvements, he may not avoid the effect of non-attendance by averring in a subsequent proceeding that he was misled as to the tribunal's intended course of action. *p. 209.*

From Vanderburgh Circuit Court; *J. H. Foster,* Judge.

Application for mandamus by the State, on relation of Louis Koester, against Michael Gorman and others, constituting the board of public works of the city of Evansville, and the city of Evansville. From a judgment for relator, defendants appeal. *Reversed.*

*D. C. Givens, A. Gilchrist* and *C. A. DeBruler,* for appellants.

*J. T. Walker,* for appellee.

BAKER, J.—Mandamus. Relator's application and the alternative writ disclose that relator owned real estate fronting on Washington avenue in Evansville; that Gorman,

Wiltshire and Rietman constituted the board of public works of the city; that the board duly adopted a resolution to improve Washington avenue; that such proceedings were had that a contract was duly let, and the work was fully performed; that the tracks of the Evansville Street Railroad Company extended along Washington avenue; that by the terms of the contract between the city and the company (which is set out in full) the company was liable to pay for so much of the improvement as was within the limits of the tracks; that the board made an assessment against relator and all other abutters for his and their proportionate part of the cost of the improvement without deducting from the cost the amount the street railroad company should have been made to pay; that relator demanded of the board that a new assessment be made, etc. The relief sought was a peremptory mandate directing the board of public works to make an assessment against relator's property for the amount of the existing assessment less a stated sum which ought to have been paid by the street railroad company. Demurrers overruled. Appellants answered that they were advised that under the contract between the street railroad company and the city no part of the cost of the improvement could be charged against the company; that they therefore made out the assessment roll to cover the total cost of the improvement; that they duly published notice of the time when and place where property owners would be heard on their objections to their assessments; that the assessment roll remained on file for examination by property owners; that at the time set for the hearing no objection was made by relator or any property owner to the amount of his assessment as it appeared on the roll; that the board thereupon confirmed the assessments as made and delivered the roll to the department of finance for collection. Demurrer overruled. Relator replied that he had not attended the hearing because the city engineer had told him some days before the hearing was to be had that the street

railroad company would have to pay for the part of the improvement between the rails, and because certain property owners informed him that the board had informed them some days before the hearing that the street railroad company would have to pay. Demurrers overruled. Trial and judgment for the issuance of a peremptory writ commanding the board to make an assessment for a sum stated in the judgment. Motion for a new trial overruled. Errors are assigned on all adverse rulings.

"Writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust, or station." §1182 Burns 1894, §1168 R. S. 1881 and Horner 1897.

The duties of the board of public works of Evansville with respect to making assessments for street improvements are prescribed by the act of 1893 as amended in 1895. §§73-82 Acts 1893, p. 65, *et seq.;* §§3977-3986 Burns 1894; §§18-21 Acts 1895, p. 258 *et seq.;* §§3977, 3978, 3981, 3985 Burns Supp. 1897. In all respects that are material to this case, these statutory provisions are the same as those of the "Barrett law", considered in *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797. The board adopts and publishes a "resolution of necessity". If the board finally orders the improvement to be made, they advertise for bids and let the contract. When the work is completed, the city engineer is required to certify that fact to the board, together with his final estimate of the cost. It thereupon becomes the duty of the board to prepare an assessment list, assessing each parcel of abutting real estate for its proportion of the cost according to frontage. "Whenever such assessment list is completed," the statute proceeds, "said board shall fix a time and place when and where objections to such assessment will be heard, and shall cause notice thereof to be given by publication in a newspaper of general circulation published and printed in such city once each week for two successive

weeks. Such notice shall name a day not earlier than ten days after the last publication, on which said board will receive and hear remonstrances from persons with regard to their respective assessments. On the day named in such notice said board shall proceed to hear and determine such remonstrances and may change, modify or confirm the same. * * *. After hearing such remonstrances said department shall deliver such assessment roll as modified or confirmed to the department of finance." §20 Acts 1895, p. 258; §3981 Burns Supp. 1897.

Under the holding of the majority of the court in *Adams v. City of Shelbyville, supra,* the assessment list as made out and filed by the board, assessing each parcel of abutting real estate for its proportion of the cost according to frontage, was merely a *prima facie* charge of the amount the owner should pay; the board was a proper tribunal for hearing and determining the question as to the proper amount; the notice and hearing were sufficient to constitute "due process of law"; and the owner, after having had his "day in court", can not inquire into the correctness of the assessment collaterally.

In this case the board were advised by the city attorney that under the street railroad company's contract with the city no part of the cost could be charged against the company. Counsel for relator construe the contract otherwise. But it is unnecessary to examine the contract, because the failure to deduct for the space occupied by the tracks simply resulted in making relator's assessment larger than he claims it ought to have been, just as would be the case if the total cost, by mistaking the width or length or price per square yard of the improvement, was figured to be more than it actually was. It was the duty of the board, on the day set for the hearing, to proceed and complete the assessment with the best light they had. And though it may be proper and commendable for the board to correct their own errors (if the proceedings have not passed beyond their control), there is no statute, nor duty resulting from their office, which

warrants the issuance of a mandate to compel the board to make a new assessment for the amount the court thinks right, after they have given notice, concluded the hearing, confirmed the assessment, and delivered the assessment roll to the department of finance.

Because the application and alternative writ do not deny, they have been taken as admitting that the board in making the assessment complied with all the statutory requirements as to notice and hearing. The cases cited by relator, *Hamilton* v. *State, ex rel.*, 3 Ind. 452; *City of Indianapolis* v. *Patterson*, 33 Ind. 157; *Indianapolis, etc., R. Co.* v. *State, ex rel.*, 37 Ind. 489; *Pudney* v. *Burkhart*, 62 Ind. 179, and *Wren* v. *City of Indianapolis*, 96 Ind. 206, are not applicable, for in each the performance of the act sought to be enforced was found to be "specially enjoined by law".

Since the matter set up in the replies might be brought into an amended application, it may be well to observe that, when a person is summoned before a tribunal to challenge a charge against his property, he may not avoid the effect of non-attendance by averring in a different proceeding that he was misled as to the tribunal's intended course of action; and this is especially true if he relies upon hearsay and rumor.

Judgment reversed, with directions to sustain the demurrers to the application and alternative writ.