Laakmann v. Pritchard.

## LAAKMANN ET AL. v. PRITCHARD.

[No. 19,994.    Filed February 3, 1903.]

MUNICIPAL CORPORATIONS. —*Street Improvements.* —*Assessments.* —A lien for street improvements made pursuant to the act of 1889 (Acts 1889, p. 237) can not be enforced, where the common council of a city has failed to make the assessment as provided for by §7 of said act.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Suit by Fred Laakmann and others against William T. Pritchard. From a judgment for defendant, plaintiffs appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*E. P. Ferris* and *W. W. Spencer,* for appellants.
*R. M. Miller* and *H. C. Barnett,* for appellee.

GILLETT, J.—Appellants filed a complaint in two para-graphs, asserting and seeking to foreclose a lien for the construction of a cement sidewalk opposite the real estate of appellee. The proceedings were had under the act of March 8, 1889 (Acts 1889, p. 237). A demurrer was sustained to each paragraph of said complaint, final judgment was rendered that appellants take nothing, and on appeal the question is presented as to whether either paragraph of their complaint is sufficient.

We do not find in either paragraph the averment that the city council of the city of Franklin, under whose authority the improvement was made, has made the assessment provided for by section seven of said act. The common council is constituted a special agent to determine, after the hearing provided for by said section, whether the improvement has been made and completed according to the terms of the contract, and, if so, to levy assessments against abutting property. *Robinson* v. *City of Valparaiso,* 136 Ind. 616; *Adams* v. *City of Shelbyville,* 154

Ind. 467; *Darnell* v. *Keller,* 18 Ind. App. 103. While we recognize the principle of estoppel in cases that properly call for its application, yet that affords no reason why the contractor should voluntarily abandon the pursuit of the provisions of the statute relative to the fixing of his lien.

There is no error in the record. Judgment affirmed.