## FARNHAM *v.* SCHNEIDER.

[No. 7,630. Filed October 26, 1911.]

1. MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessments. —Appeal.*—Under §8714 Burns 1908, Acts 1905 p. 219, §109, providing that "the question of special benefits shall be deemed conclusively determined by and in the proceedings before the board of public works," and §8716 Burns 1908, Acts 1905 p. 219, §111, providing that if the owner of any lot shall petition the circuit court within ten days from the completion of the assessment roll, the court shall appoint three appraisers whose report "shall be final and conclusive," no appeal lies from the assessment so made, and a defendant in a foreclosure suit cannot, therefore, contest the amount of his assessment. pp. 510, 511.

2. APPEAL.—*Right of.*—The right of appeal is statutory. p. 511.

From Wayne Circuit Court; *Henry C. Fox*, Judge.

Suit by J. W. George Schneider, as executor of the last will of John H. A. Schneider, deceased, against Charles S. Farnham. From a decree for plaintiff, defendant appeals. *Affirmed.*

*Wilfred Jessup*, for appellant.
*Henry U. Johnson*, for appellee.

IBACH, J.—Statutory action in the Wayne Circuit Court, by appellee against appellant, under §109 of an act concerning municipal corporations (Acts 1905 p. 219, §8714 Burns 1908), to foreclose a street contractor's assessment liens arising from the improvement of South First street in the city of Richmond, pursuant to a resolution of the board of public works of said city. Said improvements were made under §§8710-8721 Burns 1908, Acts 1905 p. 219, §§107-109, 111-114, Acts 1907 p. 167, and p. 550, §§1-3. Appellant in his answer sought to contest his assessments, by showing that they were excessive, and that his lots were not benefited, by said improvement, to the amounts assessed. The court sustained demurrers to the separate paragraphs of answer. Appellant excepted and declined to plead further, and judgment was rendered for appellee. The ruling on the demurrers to the paragraphs of answer is assigned as error.

Section 8714, supra, provides that "in such foreclosure suits no defense shall be allowed upon any irregularity in the proceedings making, ordering or directing such

1. assessment, nor shall any question as to the propriety or expediency of any improvement or work be therein made;" that, however, a property owner who has not signed a waiver, or claimed the option to pay in instalments, may contest the amount of his assessment, "provided, that the question of special benefits shall be deemed conclusively determined by and in the proceedings before the board of public works as in this act elsewhere prescribed." Section 111 of said act (§8716 Burns 1908) declares that "the decision of such board as to all such benefits shall be final and conclusive," unless the property owner, in a prescribed manner and at a prescribed time, petitions the court to appoint appraisers to reassess his damages on the ground that his assessment is excessive, and the report of such appraisers is made final and conclusive on all parties thereto. The only relief from the decision of the board of public works as

to the amount of the assessment, which is afforded by the statute, is the reassessment by appraisers, and the Supreme Court and this court have several times held that no appeal lies from the action of these appraisers. The right of appeal is statutory, and does not exist in special proceedings, unless expressly given. Since the action of these appraisers is made final and conclusive by statute, there is no appeal from their assessment. Appellant has not, as he might have done under the statute at the proper time, petitioned the court to appoint appraisers. This is the only legal manner in which the decision of the board of public works may be questioned, otherwise its decision is final and conclusive; and appellant, having failed to follow his proper remedy, is bound by the action of said board, and cannot have a review by this court. *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, and cases cited; *City of Indianapolis* v. *State, ex rel.* (1909), 172 Ind. 472; *City of Seymour* v. *Jordan* (1909), 173 Ind. 717; *City of Crawfordsville* v. *Brown* (1910), 45 Ind. App. 592; *City of Huntington* v. *Brown* (1911), 175 Ind. 709.

The trial court committed no error in its ruling on appellee's demurrers to the separate paragraphs of appellant's answer. The judgment is affirmed.