MEAD CONSTRUCTION COMPANY *v.* WILSON ET AL.

[No. 25,168. Filed January 3, 1929.]

*David F. Smith* and *Featherngill & Drybread,* for appellant.

*Henry White* and *Doan & Mathews,* for appellees.

MARTIN, C. J.—Appellant sued to foreclose a street improvement lien on appellees' lot under §10445 Burns 1926, being §109, ch. 129, Acts 1905, as amended by §3, ch. 172, Acts 1909. The lot lies at the intersection of two curving streets so that its frontage on the street which was improved is forty-two and four-tenths feet at the property line but only seventeen and four-tenths feet at the curb line.

The complaint alleged that the city of Indianapolis contracted with appellant for the improvement in question, which contract was fully performed, that the work was accepted by the city, and that appellees' lot was assessed for $205.22 as shown by the final assessment roll approved by the board. It was alleged that fifteen days notice had been given to appellees that the assessment was unpaid and delinquent, and judgment was asked for the amount of the assessment, with interest from the date of the adoption of the final assessment roll and for attorneys' fees.

Appellees answered: (1) By general denial; (2) by a paragraph alleging that the cost per lineal foot assessed against all other lots for the improvement was $4.84, that appellees' frontage was seventeen feet nine inches and was assessed $12.22 per foot, that the assessment was therefore not according to a uniform and equal rate of assessment and taxation and was violative of §1, Art. 10, of the Constitution of Indiana; (3) by a paragraph containing the same allegations as the second

but admitting that appellees have the benefit of the improvements and offering to pay therefor $45.91. The court overruled demurrers to the second and third paragraphs of answer and appellants filed replies to the same, alleging that the board of public works had given notice by publication of the hearing upon the preliminary assessment roll, that appellees did not appear or protest and did not make objection or file exceptions to the final assessment roll thereafter made or take any appeal to the circuit or superior courts of Marion County and that said final assessment roll is final and conclusive on appellees.

Summarized, the court's special findings of fact are: (1) That the city of Indianapolis, by its board of public works, contracted with appellant for the improvement with bituminous pavement of a certain portion of Goode Avenue, which improvement was completed and accepted, that the appellees owned a certain lot (assessed), did not maintain any appeal from the final assessment roll and have paid nothing on such final assessment; (2) that notice by publication was given by the board by seven insertions in a newspaper August 20-27, 1921, that the assessment roll had been approved August 19, and that August 31 was fixed as the day on which remonstrances would be received and heard against the amount assessed against each piece of property; (3) that appellees were assessed $205.22, and that the number of feet fixed in the assessment roll against their lot was forty-two and four-tenths, that they had fifteen days notice of the assessment, that the same is unpaid and delinquent, and that the cost per front foot for said improvement as fixed by the the board was $4.84; (4) that the length of the east property line of appellees' lot is forty-two and four-tenths feet; (5) that the length of the curb line is seventeen feet four inches.

The court stated as its conclusions of law that appel-

lant was entitled to recover $83.89, plus $8.39 attorneys' fees, declaring a lien in the sum of $92.28 against the lot, ordering the same sold, etc. Among the several errors assigned, and the only one that need be discussed here, is that the court erred in its conclusions of law.

Appellees' contention, in their answer in the trial court and in their brief here, that their assessment was $12.20 per front foot and that it was not according to a uniform and equal rate and in violation of §1, Art.10, Constitution, has no sufficient basis in fact. The court found that the length of appellees' lot on the curb line was seventeen feet nine inches, but it expressly found in finding No. 3, *supra*, "that the number of feet that said board fixed in said assessment roll against said Lot No. 80 was forty-two and forty hundredths feet . . . and that the cost per front foot for said improvement as fixed by the board was $4.84." (These facts and figures also appear in the copy of the assessment roll that is by exhibit made a part of the complaint.) The assessment was uniform according to a recognized standard, to wit: frontage; and satisfied the constitutional requirements. *Hutchins* v. *Town of Fremont* (1924), 194 Ind. 74, 142 N. E. 7.

It may be that the Board of Public Works erroneously based appellees' assessment on a property-line frontage of forty-two and four-tenths feet when it should have based it only on a curb-line frontage of seventeen feet nine inches as contended for by appellees—that question we do not decide; but the amount of benefits assessed having been determined by the board of public works and appellees not having exercised their statutory right to appeal therefrom to the circuit or superior court of the county as provided for in the act, the decision of the board as to such assessment is final and conclusive on all parties. §10448 Burns

1926, §8716 Burns' Supp. 1921, §111, ch. 129, Acts 1905 as amended by §1, ch. 140, Acts 1919.

This statute, prior to its 1919 amendment, has been held to give property owners ample opportunity to contest the validity of street improvement assessments. *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863; *Millikan* v. *Crail* (1912), 177 Ind. 426, 98 N. E. 291. If such owners deem assessments made by the board of public works excessive they must take an appeal in the manner provided by the statute,[1] *Farnham* v. *Schneider* (1911), 48 Ind. App. 509, 96 N. E. 173, and, in the absence of such an appeal, assessments are not subject to collateral attack, and the court has no power to change or modify the amount assessed. (See *City of New Albany* v. *Lemon* [1925], 198 Ind. 127, 149 N. E. 350; *Gorman* v. *State, ex rel.* [1901], 157 Ind. 205, 208, 60 N. E. 1083; *Wray* v. *Fry* [1902], 158 Ind. 92, 95, 62 N. E. 1004.)[2]

It follows that the court had no power to modify the assessment of benefits and that its finding should have been for the amount of the assessment made by the board of public works, plus accrued interest and attorneys fees.

The judgment is reversed, with directions to the trial court to restate its conclusions of law in accordance herewith.

---

[1]Section 8716 Burns' Supp. 1921, §1, ch. 140, Acts 1919 was amended by §10448 Burns 1926, §1, ch. 65, Acts 1925 subsequent to the decision of *City of New Albany* v. *Lemon, infra,* and subsequent to the accrual of the action at bar, and another section of the statute now governs the time and manner of appeal.

[2]In *Darnell* v. *Keller* (1896), 18 Ind. App. 103, 45 N. E. 676, and in *Lux, etc., Stone Co.* v. *Donaldson* (1903), 162 Ind. 481, 68 N. E. 1014, it was held, in an action to enforce the lien of an assessment, that an acceptance by the city, through its board of public works or council, of work done under a street improvement contract was final and conclusive upon property owners, in the absence of fraud, as far as the character of the work done and the materials used were concerned.