CRAWSHAW ET AL. *v.* MEAD-BALCH CONSTRUCTION
COMPANY ET AL.

[No. 14,650. Filed June 27, 1934. Rehearing denied
October 1, 1934. Transfer denied February 18, 1935.]

*Alvah J. Rucker, Frank Seidensticker, David Lewis,*
and *James A. Collins,* for appellants.

*Claycombe & Stump,* for appellees.

SMITH, P. J.—This is a suit to enjoin the city of
Indianapolis, its board of public works, the members
thereof, its city engineer, treasurer, and controller from
the collection of special assessments levied against the
appellants herein for·the construction of the pavement
on Neal Avenue, in the city of Indianapolis, Indiana.

The issues were formed upon an amended complaint and supplemental complaint to which answers in general denial were filed by appellees.

Upon request the court made a special finding of facts, and rendered conclusions of law thereon, to which the appellants duly excepted.

The appellants filed their separate and several motion for a new trial which was overruled. The overruling of the motion for new trial and the rulings on the conclusions of law are the only errors assigned for reversal.

The motion for new trial set forth that the decision of the court was not sustained by sufficient evidence and that it was contrary to law. These are the only grounds for a new trial that are properly alleged, and the only ones that are necessary for consideration. All the other questions attempted to be raised in the motion for new trial are embodied in these two.

Without entering into a discussion of the evidence and unduly extending this opinion by setting out the same herein, suffice it to say that we have examined the evidence and the record in this case, and that there is sufficient evidence to support the finding of facts, and each of them.

This brings us to a consideration of the conclusions of law rendered by the court upon the special finding of facts.

Although the complaint in this action makes other parties than those named above parties defendant to the action, namely, Mead-Balch Construction Company, Samuel Goldsmith, and Samuel Wides, and these parties have joined as appellants in this cause, we think it is not necessary to consider any questions raised as to them, for the relief sought against them is in the nature of damages for maintenance of a nuisance, and an attempt to abate the same, charging

that they obstructed certain portions of the street sought to be paved. There is no evidence nor is there any finding of facts which would warrant any judgment against these parties for the relief sought under the complaint, so what we have to say herein will relate solely to the question of the relief sought by injunction against the city of Indianapolis and those connected with it, as above named.

The special finding of facts discloses that proper proceedings were had for the paving of Neal Avenue from the line of West Washington Street south to the railroad tracks, a distance of over 900 feet. All the proceedings leading up to and including the letting of the contract for this improvement were regular and are not challenged in this cause. Special findings further show that a contract was let to the appellee Robert M. Bowen, doing business under the name of Robert M. Bowen Company, hereinafter referred to as "the contractor"; that, after the letting of the contract and beginning of the work by the contractor, it was discovered that three of the appellees herein, Mead-Balch Construction Company, Samuel Goldsmith, and Samuel Wides, were claiming to own that portion of Neal Avenue which extended 164 feet from its terminus at the railroad to the north. A suit was brought by these appellees in the Marion Superior Court, the same court in which these proceedings were instituted, to enjoin the city and the contractor from paving that portion of the street because it was claimed that this portion of the avenue had been vacated by the city in a legal proceeding for that purpose. A controversy arose over this in which it developed that in other proceedings the city authorities had re-opened this portion of the street. The suit to enjoin paving of this 164 feet was finally compromised between those appellees and the city, wherein the 164 feet, all of which was abutted by the property

of these three appellees and none of it adjacent to the property of appellants, was agreed to be taken off from the proposed improvement and the contract modified to that extent.

It also appears from the special findings that Neal Avenue terminates at the railroad and formed a cul-de-sac, and that there was no opening to the south beyond the point of the railroad; that there was embodied in the contract certain specifications, one of which was number 30, which provided as shown in the special findings that the board of works reserved the right to alter or change any detail in the materials or method of the construction which did not materially increase or decrease the cost of the work, without any additional compensation to the contractor; that "More important changes or alterations may be made by the Board, should the exigency arise and become apparent during the progress of the work, through faulty design as provided by the plans and specifications, or by reason of obstruction met with which could not reasonably have been foreseen before the work begun, notwithstanding such changes and alterations may materially decrease or increase the cost of the work"; that these specifications further provided that the contractor should not proceed with such changes as stated in the condition above without written order from the board which should include a statement of the quantities, when practicable, and unit prices of the materials and labor furnished to be involved in such changes or alterations.

The special findings further show that in connection with these changes and alterations the board of works of the city of Indianapolis did, on the 30th day of April, 1930, make its written order and agreement with the contractor to make certain changes in the contract pertaining to this improvement, which order of the board

is as follows: " 'omit pavement from south line of alley south of Maryland Street to the Big Four Railroad,' and by ordering the said Bowen to 'construct sewer from Neal Street to the first alley west of Neal Street in the alley south of Maryland Street, credit to be taken for sewer and pavement omitted and extra for sewer added, based on bid price.' "

The special findings further show "That the said changes were of detail in the method of construction and the same were not material changes and did not materially decrease the cost of the work, and additional compensation was not allowed by said city to said contractor Bowen for the construction of the sewer mentioned in said order for changes; that an exigency for said change arose and became apparent during the progress of the work, as provided by the plans and specifications and by reason of conditions met with which could not reasonably have been foreseen before the work begun;" that the contractor accepted the order for the change and proceeded to and did pave Neal Avenue in accordance therewith, leaving off from the original contract and plan the 164 feet mentioned in said order of the board.

The special findings further show that the work was accepted by the board of public works as a full and complete performance of the contract on June 13, 1930, and that the board approved as the total sum due the contractor $5,301.99, which was less than the contract price.

Special findings further show that the construction of the sewer to take care of the drainage was not added to the cost of the improvement, but was paid for and assessed against the property of the three appellees heretofore mentioned; that said improvement, as far as the appellants were concerned, was assessed on the frontage basis of their property and the taking off of

the 164 feet did not add to their assessment for the cost of the improvement; that the final assessment roll was fixed by the board of public works and no appeal was taken therefrom. The only objection being made to these assessments is the suit brought in the lower court involved in this appeal.

There is no finding of actual fraud by the court nor is there any finding that would warrant the court in concluding that there was constructive fraud in the acceptance of this work and the making of the assessment roll therein.

There is but one question involved in this case and that is, Was there a material and substantial change made in the contract such as would amount to a constructive fraud upon these appellants?

Counsel for appellants in the oral argument conceded that this is the question involved in this appeal, and it is to this matter that we will now give attention.

It will be noted that this action is not a direct attack upon the action of the board in the acceptance of the work as completed by the contractor, nor does it seek to set aside said assessments. We think a proper construction of the amended complaint and the supplemental complaint upon which the case was tried is that it is an attempt to enjoin the collection of the assessments by the appellants.

Appellants contend that this action is a direct attack to set aside the order of acceptance by the board. Even if it were, before this could be accomplished, appellants would be required to show fraud in the entering of such order. It is conceded by appellants that there is no actual fraud shown, and we think the special findings failed to show any such circumstances which could be construed as constructive fraud. The Supreme Court of this state, in the case of *State ex rel.* v. *City of Indianapolis* (1919), 188 Ind.

685, 695, 123 N. E. 405, having under consideration the question of a paving improvement in the city of Indianapolis, said:

"Under the statute, the city engineer had no power to accept the work done under the contract; that power was lodged in the board of public works, and it is the duty of that board to determine, before accepting the work, that it is completed in substantial accordance with the contract. The decision as to whether the work is in substantial accordance with the contract is *quasi*-judicial in its nature and when made is conclusive, in the absence of fraud, on all persons affected thereby. *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863; *Town of Woodruff Place* v. *Gorman* (1912), 179 Ind. 1, 100 N. E. 296. Such a decision is immune from collateral attack, but it may be set aside by the court in a direct proceeding for that purpose based on fraud. *Alsmeier* v. *Adams* (1916), 62 Ind. App. 219, 105 N. E. 1033, 109 N. E. 58."

The action of the board in the instant case being of a *quasi*-judicial nature and there being no fraud, upon the acceptance by said board of the work as completed, and the making of the final assessment roll, it is conclusive upon appellants and not subject to attack collaterally as attempted to be done in this action. See also *Darnell* v. *Keller et al.* (1896), 18 Ind. App. 103, 109, 45 N. E. 676; *Mead Construction Company* v. *Wilson et al.* (1929), 200 Ind. 443, 164 N. E. 313.

The specifications heretofore referred to which were made part of the contract for this improvement provide that changes may be made in the contract under certain conditions, reference to which has heretofore been made. Our Supreme Court in the case of *Sims* v. *Hines* (1890), 121 Ind. 534, 540, 23 N. E. 515, said:

"It is evident that it would be almost impossible to carry on the work of improving streets without investing the municipal authorities with some discretionary authority to change and modify con-

tracts, and the courts have, therefore, wisely held that the governing body of a city may, within reasonable limits, modify and change contracts, for the improvement of streets."

Without attempting to set out all of the special findings of the court, we think they clearly show that the changes made in the contract were necessary and were not so substantial or material as to void the contract, but, as found by the court, they were of detail in the method of the construction, and not material; and that an exigency arose in the attempt to pave the 164-foot portion of said street which could not reasonably have been foreseen.

The court having found this as a fact, and no fraud being shown, and the evidence fully sustaining said findings of the court, we are not at liberty to disturb the same. We find no reversible error.

We have examined the numerous cases cited by appellants, and in most instances these cases involve a direct attack upon the acceptance of the work by the proper authorities who are attempting the improvement; and, in instances where relief was granted, fraud was explicitly shown and found by the court to exist. No such situation arises in this case. Judgment affirmed.