## BACHELDER ET AL. *v.* HARSHBARGER.

[No. 15,458. Filed November 3, 1937. Rehearing denied
January 27, 1938. Transfer denied March 10, 1938.]

*Bachelder & Bachelder,* for appellants.

*William J. Sprow,* for appellee.

WOOD, J.—This is an appeal from a judgment in favor of the appellee, foreclosing a street improvement lien against real estate owned by the appellants and located in the town of Ladoga, Indiana.

The issues consisted of an amended complaint in one paragraph, which alleged, in substance, that on August

19, 1929, the town of Ladoga through its board of trustees entered into a contract with the appellee for the improvement of a certain street in said town describing the portion thereof to be improved; that said improvement was known and acted upon by said board of trustees as "Improvement Resolution No. 3, 1928."; that on September 6, 1932, said board of trustees adopted the final assessment roll on said improvement, pursuant to which an assessment of $393.12 was placed upon certain described real estate owned by the appellants in said town; that said assessment had never been paid and was due and owing to the appellee; that more than fifteen days prior to the filing of this action, the appellee gave the appellants written notice of said assessment and demanded payment therefor; that appellants denied all liability thereon. The complaint closed with a prayer for judgment foreclosing said lien and for sale of the real estate in satisfaction thereof.

Appellants demurred to this complaint for want of facts, alleging as causes therefore: that the complaint did not conform to the provisions of Sec. 2-1004 Burns 1933, Sec. 110 Baldwin's Ind. St. 1934; that the complaint did not allege in detail all the proceedings and steps taken by the board of trustees in ordering said improvement, letting of the contract for construction thereof to appellee, its performance by him, the adoption of the preliminary assessment roll, hearing thereon and adoption of the final assessment roll; that the proceedings had the effect of depriving the appellants of their property in violation of Secs. 22 and 23 of Article 4 of the Constitution of Indiana and the 14th Amendment to the Constitution of the United States. This demurrer was overruled, to which ruling the appellants excepted.

Appellants filed an answer in two paragraphs, the first was a general denial, the second alleged facts in

detail, the substance of which was that all the proceedings of the board of trustees were void as to appellants because of the failure to obtain jurisdiction over them by notice as required by the law of the State of Indiana in such cases made and provided.

The appellee filed a reply in general denial to the second paragraph of appellant's answer. On these issues the cause was tried to the court without a jury resulting in a judgment as above indicated. Within due time appellants filed a motion for a new trial, alleging as causes therefor that the assessment of the amount of recovery was erroneous, being too large, that the decision of the court was not sustained by sufficient evidence and was contrary to law. This motion was overruled, and appellants appeal assigning as errors for reversal, the overruling of their demurrer to the complaint and the overruling of their motion for a new trial.

From the facts which are not in conflict, it appears that the appellee was awarded the contract by the board of trustees of the town of Ladoga to have certain portions of a street in said town improved pursuant to an improvement resolution adopted by the board of trustees as alleged in the complaint. The appellee performed the work under the contract. The appellants, who were property owners along that portion of the street which was improved, did not sign a waiver or exercise the option to pay the amount assessed against their property for the improvement in installments, nor did they pay the amount of the assessment, but they denied all liability thereon.

Upon refusal of the appellants to pay the amount of the assessment placed against their property by the board of trustees of the town of Ladoga, the appellee, who was the contractor for the construction of said improvement, brought suit against the appellants for

the enforcement and foreclosure of said lien, pursuant to the provisions of Sec. 48-2711 Burns 1933, Sec. 11662 Baldwin's Ind. St. 1934. The insufficiency of the complaint to state a cause of action for the reasons alleged in the memoranda appended to appellants' demurrer is not a controverted question in this state. All the contentions of appellants have been heretofore decided adversely to them by our Supreme Court in the case of *Dawson* v. *Hipskind* (1909), 173 Ind. 216, 89 N. E. 863. The demurrer was properly overruled.

Appellants insist that the board of trustees of the town of Ladoga did not have jurisdiction to make the assessment of benefits against their property. The instant case is a collateral attack against the proceedings of the board of trustees. The facts show without conflict that the appellants received notice from the proper authorities of the town, that the board of trustees had adopted a preliminary resolution for the improvement of the street, and that they would meet at their office on January 8, 1929, at seven-thirty o'clock p. m. for the purpose of hearing all persons interested in said improvement or whose property would be liable to be assessed for said improvement; that one of the appellants appeared at the time and place fixed in the notice for the hearing; that he remained at the place designated for said meeting for some time and finally left before the meeting of the board of trustees was held; that thereafter on the same evening a majority of the board of trustees met and by proper action confirmed the preliminary resolution providing for the improvement of the street. The appellant, who was present at the time set for the hearing, testified on the trial of this cause that before he left the place of meeting he had a conversation with one member of the board of trustees and the town clerk, and that they informed him that there would not be a meeting of the board of trustees held on that eve-

ning and that they would notify appellants of the holding of any subsequent meeting. This testimony was denied by witnesses called to testify for and on behalf of the appellee. The trial court found against the appellants on this controverted fact. This court cannot disturb that finding. But assuming that appellants' view of the facts was correct, since this is a collateral attack upon the proceedings of the board of trustees, appellants are estopped to avail themselves of any such an understanding. *Millikan* v. *Crail* (1912), 177 Ind. 426, 98 N. E. 291.

"When a person is summoned before a tribunal to challenge a charge against his property, he may not avoid the effect of non-attendance by averring in a different proceeding that he was misled as to the tribunal's intended course of action." *Gorman* v. *State ex rel. Koester* (1901), 157 Ind. 205, 60 N. E. 1083.

The appellants did not question the regularity of the proceedings pertaining to the adoption of the final assessment roll in which the amount of the benefits assessed against their property was finally determined nor did they appeal from such action to the circuit court of the county for redress, so the assessment as made is final and conclusive upon them when attacked collaterally. *Mead Construction Co.* v. *Wilson* (1929), 200 Ind. 443, 164 N. E. 213; *City of Indianapolis* v. *Dillon* (1937), 212 Ind. 172, 6 N. E. (2d) 966; *Shirk* v. *Hupp* (1906), 167 Ind. 509, 78 N. E. 242, 19 N. E. 490.

Appellants insist that the amount of the recovery is too large. From an exact computation it appears that the judgment rendered exceeded the amount actually due appellee in the sum of $1.20. This excess is so small that it will be disregarded. The maxim, *"de minimis non curat lex"* is applicable. *Hall* v. *Hall* (1870), 34 Ind. 314; *Maxwell* v. *Brooks*

(1876), 54 Ind. 98; *Hill* v. *Forkner* (1881), 76 Ind. 115.

The trial court did not commit error in overruling appellants' motion for a new trial. Judgment affirmed.