No. 15,996.

## SILLS ET AL. *v.* LAWSON ET AL.

CONVEYANCE.—*Deed.— Violation of Recording Act.—Effect on Purchaser in Good Faith Without Notice.—Tax Sale. — Good Title Not Necessary to Vest Lien in Purchaser.*—Pending a suit to foreclose a tax lien upon a certain tract of land, the owner thereof sold it to A, and after a judgment foreclosing the tax lien, and at the sale of said land by the sheriff, by virtue of said lien, B in good faith, and without knowledge of the conveyance to A, bought the land, and paid the purchase money, and in due course of time obtained a sheriff's deed therefor, which he had recorded in the proper office in due time, A not yet having had his deed recorded, and having allowed more than a year to elapse from the execution of his deed. A brought suit to quiet his tile.

*Held,* that B having purchased the land in good faith, without notice of the unrecorded conveyance, and having paid the purchase money and acquired a sheriff's deed, and had it recorded before notice of A's claim, he was protected against such claim.

*Held,* also, that it is not necessary under the recording act, section 2931, R. S. 1881, that the purchaser should acquire a good title, it being sufficient if he acquired a title which would have been good if the unrecorded conveyance had never been executed.

APPEAL.—*Lien for Purchase Money.—Motion for Judgment for by Appellant.— Not Inconsistent with Prayer for Appeal.*—Where, before a prayer for appeal, the record contains, by motion of defendant and consent of the plaintiff, a judgment of the court declaring a lien on the land for the purchase money and interest thereon, which was offered by the plaintiff in his complaint, such an entry does not constitute a settlement of the matter in controversy, and was not inconsistent with the prayer for appeal, it simply being intended to take the money upon failure to reverse the judgment on appeal.

From the White Circuit Court.

*W. L. Taylor* and *T. F. Palmer*, for appellants.

*E. B. Sellers* and *W. E. Uhl*, for appellees.

MILLER, C. J.—This action was brought by the appellees against the appellants to quiet the title of the appellees to a tract of land.

The complaint shows that on the 17th day of May, 1888,

a decree of the White Circuit Court was entered in an action wherein the State of Indiana, upon the relation of the prosecuting attorney, was plaintiff, and Clinton Keiser, James C. Evans and Addison K. Sills were defendants, foreclosing the lien of the State for certain taxes against said lands; that on the 7th day of July, 1888, the land was sold by the sheriff, upon the decree, to the appellant, Addison K. Sills; that on the 10th day of July, 1889, the sheriff executed a sheriff's deed to Sills, who has since conveyed a portion of the same to his wife, by a voluntary conveyance; that pending the suit, but prior to the rendition of the judgment, the plaintiffs purchased the real estate in good faith, and for full value, from said James C. Evans, who was the owner in fee simple of the land, and received from him a deed of conveyance for the same; that there never was, at any time, any written notice of the suit filed with the clerk of the Circuit Court, nor any notice thereof recorded in any *lis pendens* record kept in the office of the clerk of said court; that the plaintiffs are, and have been, non-residents of the State, were not parties to the suit, and had no notice or knowledge of it or the sheriff's sale until the year for redemption had nearly expired, at which time they were informed that the sale took place on the 17th day of July, 1889; that they relied upon this information, and intended to redeem within the year for redemption, but learned afterwards that the time for redemption had already expired; that the suit was brought at the first term of court held after they learned of the judgment and sheriff's sale.

The plaintiffs ask that the sheriff's sale, and deed made thereunder, be vacated and set aside, and their title quieted.

The prayer for relief is followed by the following offer:

"And in order that said defendant may lose nothing on account of his said purchase of said land, the plaintiffs hereby consent, if the relief herein asked shall be granted, that the amount paid by the defendant for said land, as

aforesaid, with interest at eight per cent. from the date of said purchase, shall be adjudged herein a first lien on said lands, and that the court may fix the time when the same shall be paid."

The defendants answered in three paragraphs, the first of which was subsequently withdrawn. The second paragraph was an answer by both defendants. It admits the recovery of the judgment and sale of the land to the defendant, Addison K. Sills, and that there was no written notice of the suit filed or recorded in the *lis pendens* record of the White Circuit Court.

It also avers that on the 10th day of July, 1889, the same day upon which the defendant received the sheriff's deed for the land, he caused it to be duly recorded in the recorder's office of White county; that afterwards, and for a valuable consideration, he sold and caused a portion of the land to be conveyed to his co-defendant.

Defendants further say that plaintiffs received a deed of conveyance from said James C. Evans and his wife of said land, prior to the time of said judgment, but not until after the commencement of said suit and service of process thereupon upon their grantors, and that, prior to the recording of their said deed, they were holding and owning said land secretly, and that said deed from James C. Evans and wife, from whom and by which they claim to have an interest in said land, although bearing date of February 6, 1888, was not recorded in the office of the recorder of White county, Indiana, until the 10th day of July, 1889, long after the taking of said judgment, and said sheriff's sale, and the execution and recording of said sheriff's deed to Addison K. Sills, and the conveyance as aforesaid to Lovenia E. Sills. The defendants further say that they purchased said real estate in good faith for a valuable consideration, in manner as aforesaid, without any notice whatever of any claim or interest in the same by plaintiffs, until long after they had obtained a fee simple title in said

lands, and that they have made lasting and valuable im-- provements upon said lands, in ditches and drains, amounting in value to $200.

The other paragraphs of answer allege substantially the same facts.

Demurrers were overruled to the complaint, and sustained to each paragraph of answer, and judgment rendered upon the pleadings in favor of the plaintiffs, quieting their title to the real estate described in the complaint.

The material questions of law which must control the decisions of this case are more fully presented by the demurrers to the several paragraphs of answer than upon the demurrers to the complaint.

Assuming, without deciding, that the complaint states a cause of action in favor of the plaintiff on account of the failure of the prosecuting attorney to file a *lis pendens* notice of the institution of the suit for the foreclosure of the tax lien, there remains for consideration the effect of the failure of the appellees to record their deed from Evans until after the appellant, Addison K. Sills, purchased the property at sheriff's sale, received and had recorded his sheriff's deed.

Section 2931, R. S. 1881, provides that every conveyance of land, not recorded within forty-five days from its execution, shall be fraudulent and void as against any subsequent purchaser in good faith, and for a valuable consideration.

The answer shows that the appellees held their deed from record from its execution, February 6, 1888, until July 10, 1889, more than a year after the sheriff's sale, and after the sheriff's deed had been recorded.

No objection is made to the regularity of the proceedings for the sale of the property under the decree of foreclosure, and we may assume that Addison K. Sills acquired, upon the face of the record, a complete title to the property.

The answer alleges that when the appellant, Addison K.

Sills, received his sheriff's deed he acted in good faith, without notice or knowledge of any claim by the plaintiffs to the land. Having purchased the land in good faith, without notice of the unrecorded conveyance, and having paid the purchase money and acquired a sheriff's deed, and had it recorded before notice of the appellee's claim, the purchaser was protected against such claim. *Milner* v. *Hyland*, 77 Ind. 458; *Shirk* v. *Thomas*, 121 Ind. 147; *Lee* v. *Bermingham*, 30 Kan. 312; 2 Freeman on Judgments, 2 ed., section 366; 2 Freeman on Executions, section 336.

It was not necessary, in order to protect the purchaser under the recording act, that he should have acquired a good title. It was sufficient if he acquired a title which would have been good if the unrecorded conveyance had never been executed. *Meikel* v. *Borders*, 129 Ind. 529.

In our opinion the court erred in overruling the demurrers to the several paragraphs of answer.

The record contains, near the concluding portion of the judgment, and immediately prior to the prayer of appeal to this court, the following entry:

"On motion of the defendants, the plaintiffs consenting thereto, the sum paid by the defendant, Addison K. Sills, for said real estate, at said foreclosure sale, with eight per cent. interest thereon since the date of said sale, amounting to the sum of $243, be and the same is hereby adjudicated a first lien on said land in favor of said Addison K. Sills."

Appellees insist that this offer being made on condition that the relief sought by the plaintiffs should be granted, the defendant, by making the motion for a judgment for the money, accepted the condition, and that this constituted a settlement, under the sanction of the court, of the whole matter in controversy.

It is probably sufficient to say that there is no motion, assignment of error, or other pleading in this court bringing the question before us for decision. We will, how-

ever, add the opinion that merely taking a judgment for the money in accordance with the offer made in the complaint, and by consent of the plaintiffs, was not an election to pursue a course inconsistent with the prosecution of the appeal then and there asked.

It was clearly the intention of the appellant to take the money only upon failure to reverse the judgment on appeal. If the appellant had proceeded to enforce the collection of this money, a very different question would be presented. As it is, the appellants have not received, or the appellees parted with anything of value, because of the rendition of the judgment in this form. When the offer was made to allow a judgment to be entered for the refunding of the money paid in discharge of a lien for taxes, the plaintiffs did nothing more than they were in equity bound to do in order to make their complaint good.

The judgment is reversed, with instructions to overrule the demurrers to the several paragraphs of answer.

Filed December 20, 1892.