MARY H. SCHAEFFER, Defendant in Error, *vs.* R. .F. AR-
DERY, County Collector, Plaintiff in Error.

*Opinion filed February 19, 1909.*

1. APPEALS AND ERRORS—*voluntary acceptance of benefits of de-
cree operates as a release of errors.* A party against whom an
error has been committed may release such error, and if he vol-
untarily accepts benefits conferred upon him by a decree, such ac-
ceptance operates as a release of errors and may be pleaded in bar
to his assignment of errors.

2. SAME—*acceptance of benefits must be voluntary to operate
as a release of errors.* Acceptance of the benefits of a decree, in
order to operate as a release of errors, must be voluntary, in the
sense that the party is not required by the decree to do the act
relied upon as a release of errors.

3. SAME—*when the receipt of taxes is not a release of errors.*
Where a decree enjoins the collection of the disputed portion of
the complainant's taxes but provides that nothing contained there-
in shall prevent the collection of the portion not in dispute and
admitted to be due, the receipt, by the collector, of such undis-
puted taxes does not operate as a release of errors such as may
be pleaded in bar of his assignment of error that the court erred
in enjoining the collection of the disputed taxes.

4. SAME—*party may join in error if plea of release of errors
is held bad.* Under section 109 of the Practice act of 1907 the
fact that a plea of release of errors is not sustained or is held bad
does not deprive defendant in error of right to join in error.

WRIT OF ERROR to the Circuit Court of Boone county;
the Hon. ROBERT W. WRIGHT, Judge, presiding.

P. H. O'DONNELL, State's Attorney, and WILLIAM
BIESTER, for plaintiff in error.

FAISSLER & COCHRAN, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

The defendant in error, Mary H. Schaeffer, in her own
right and as guardian of Willard Longcor, a minor, filed
her bill in equity in the circuit court of Boone county

against the plaintiff in error, R. F. Ardery, county collector of said county, setting forth that the local assessor returned an assessment against her of her individual property for the year 1907 at a total valuation which made the assessed value for taxation $2132; that the board of review, in pursuance of notice to her, unlawfully increased the said assessment $25,615, making the assessed value for taxation $7133; that she made a schedule including funds in her hands as guardian on April 1, 1907, which the board of review unlawfully increased and made an original assessment against her, as guardian, of $28,790, or an assessed value for taxation of $5758. The purpose of the bill was to restrain the collection of taxes extended upon the increased assessments, and a decree was entered finding that the action of the board of review increasing the individual assessment of defendant in error was illegal and void, and that the tax extended against her, as guardian, upon the assessment in excess of $2140 was also void, and the plaintiff in error was enjoined from taking steps toward collecting any portion of the taxes so held to be void and illegal. The decree, however, provided that nothing contained in it should be construed as preventing the plaintiff in error from collecting the taxes computed on an assessed valuation of $2132 against defendant in error individually or on a valuation of $2140 against her as guardian. The plaintiff in error sued out the writ of error in this case to reverse the decree, and by his assignment of errors alleges that the court erred in finding that the individual taxes against defendant in error extended upon a sum in excess of $2132, and the taxes as guardian extended upon the excess above $2140, were void and in enjoining the collection of same.

To the assignment of errors, which stands as the declaration of the plaintiff in error, two pleas have been filed by the defendant in error, in each of which it is alleged that after the entry of the decree the defendant in error paid to the plaintiff in error the sum of $151.35, being the total

amount of taxes extended on an assessed value of $2132 against her individually, with interest, penalties and costs, and also $151.91, the total amount of taxes assessed on a valuation of $2140 against her as guardian, with interest, penalties and costs, wherefore the defendant in error avers that the plaintiff in error has accepted the benefits of the decree and has released to the defendant in error any and all errors in the record and proceedings. The plaintiff in error has demurred to the pleas and the cause has been argued and submitted on the demurrer.

A party against whom an error has been committed may release such error, and if he voluntarily accepts benefits conferred upon him by a decree, such acceptance operates as a release of errors and may be pleaded in bar to his assignment of errors. (*Ruckman* v. *Alwood,* 44 Ill. 183; *Morgan* v. *Ladd,* 2 Gilm. 414; *Thomas* v. *Negus,* id. 700; 2 Cyc. 1007; 7 Ency. of Pl. & Pr. 870.) The defendant in error sought and obtained relief against the increased assessment made by the board of review against her individually and on the assessment made against her as guardian by the board of review above the amount found by the court to have been in her hands as guardian. She was content with the decree and took no appeal from it, and the pleas allege that she paid, and plaintiff in error received, the amount of taxes found by the court and conceded by her to be due. The question raised by the demurrer is whether the payment and receipt of the taxes not disputed, and which the decree did not prevent the plaintiff in error from collecting, come within the rule and operate as a release of errors.

One condition to the operation of the rule is, that the acceptance of benefits must be voluntary, in the sense that the party is not required by the decree to do the act relied upon as a release of errors. The payment of a judgment before execution does not operate as a release of errors but is regarded as being made under legal compulsion, (*Riche-*

*son* v. *Ryan,* 14 Ill. 74; *Hatch* v. *Jacobson,* 94 id. 584;)
and the payment of a judgment for taxes against lands be-
fore the delivery of any precept of sale to the collector is
not a release of errors in the proceedings. (*Page* v. *Peo-
ple,* 99 Ill. 418.) So, also, the delivery of the possession of
a house in obedience to a decree will not operate·as a re-
lease of errors. (*Kuttner* v. *Haines,* 135 Ill. 382.) In this
case a portion of each tax was conceded to be justly due,
and the decree provided that nothing contained in it should
be construed as preventing the defendant in error from col-
lecting the same. The statute made it the duty of the plain-
tiff in error to collect the taxes, and if not paid it would
have been his duty to enforce collection. When voluntarily
tendered to him he had no discretion but was bound to ac-
cept payment. The right to the taxes did not arise out of
the decree and was not conferred by it. The receipt of the
taxes not in dispute but admitted to be due was not the vol-
untary acceptance of any right conferred by the decree.

Illustrations of what will amount to a release of errors
are found in various cases. In *Morgan* v. *Ladd, supra,* the
defendants in error filed a bill for an injunction against the
plaintiff in error and brought into court and deposited with
the clerk $92.54. The court made the injunction perpetual
and directed the payment of the money to the plaintiff in
error. A plea that plaintiff in error had accepted said sum
by virtue of the decree was held to be good.

In *Thomas* v. *Negus, supra,* Pinckard leased certain lots
in Alton to Marsh, Hankinson & Co. and afterward mort-
gaged the lots to Duncan. Twenty days after said mort-
gage was made Negus & Robbins conveyed the lots to
Pinckard and took from him a mortgage thereon. Duncan
and other persons brought several suits against lessees of
the mortgaged property to recover rents, and the lessees
filed a bill of interpleader against the plaintiffs, brought
the rent money into court and obtained an injunction stay-
ing the suits. Negus & Robbins filed their bill against Dun-

can, Pinckard and others to foreclose the mortgage made by Pinckard to them. The foreclosure suit and the bill of interpleader were consolidated, and a decree was entered directing the rents to be paid to Duncan and declaring the mortgage of Negus & Robbins to be the prior lien. The administrator of Duncan prosecuted a writ of error and assigned for error so much of the decree as gave priority to Negus & Robbins. To that assignment of error Negus & Robbins pleaded that Duncan had released errors by voluntarily accepting the rents decreed to him, and the plea was held good.

In *Ruckman* v. *Alwood, supra,* a bill was filed to redeem lands from a conveyance absolute on its face but alleged to be a mortgage. The deed was declared to be a mortgage, and the sum loaned, with interest, was decreed to be paid. A plea that in pursuance of the decree the defendants in error paid the money into the hands of the circuit clerk and the plaintiff in error received from the clerk a part of the sum so paid was regarded as a good plea to an assignment of error that the court found the deed to be a mortgage, but the fact was found against the defendant in error for want of authority in the person who received the money.

In *Holt* v. *Reid,* 46 Ill. 181, Rees had executed ninety bonds secured by a mortgage on real estate, and Reid held thirty-six of the bonds and Clapp sixteen of them. Rees gave Clapp possession of the mortgaged premises and he leased them to Calkins and Holt. Reid filed his bill to foreclose the mortgage, making defendants, Rees, the mortgagor, Clapp, the holder of the sixteen bonds, and Calkins and Holt, the tenants. The court decreed that Rees should pay to Reid and Clapp the amounts respectively found to be due them within thirty days or deposit the amounts with the clerk, and on making such payments should hold the premises discharged of the lien of the mortgage. Rees paid the money into court and Clapp, Calkins and Holt sued out a

writ of error.  A plea was filed alleging that pending the suit Clapp surrendered his bonds to the clerk of the court and received the money directed by the decree to be paid to him.  Clapp demurred to the plea, but it was sustained on the ground that he could not avail himself of the proceeds of the decree and then seek a reversal on a claim that the amount allowed him was less than he was entitled to.

In *Corwin* v. *Shoup*, 76 Ill. 246, the lands of minors were sold in a partition proceeding.  The minors, having arrived at their majority, sued out a writ of error to reverse the decree.  Their demurrer was overruled as to the second and third pleas, which set up that after they became of age they received their respective shares of the purchase money and thereby accepted the benefit of the decree, which operated as a release of errors.

In *Moore* v. *Williams*, 132 Ill. 591, Lawrence Moore and wife filed their bill against Helen R. Williams and her tenant for the purpose of extinguishing her homestead right on the ground that she had abandoned it, or for the purpose of having it set off if not abandoned.  Mrs. Williams filed her cross-bill against the Moores, alleging a contract to take care of her and her husband during their lives and charging that the Moores had failed to keep their contract. The court found that she had abandoned her homestead, and ordered that her interest be extinguished and the Moores put in possession but granted relief on her cross-bill, and found due her $600 for failure to support her and ordered the Moores to pay it.  The view was expressed that the acceptance of the benefits of the decree by the complainants in the original bill was in no sense a waiver of their right to review the decree granting relief on the cross-bill.

In *Trapp* v. *Off*, 194 Ill. 287, Off by his bill and supplemental bill sought to foreclose mortgages and settle questions of liens and priorities, and the court entered a decree adjusting the equities.  It was held that a plea setting up

that a sale of the premises was made under the decree for his benefit and at his instance and request and that the property was struck off to him for the amount due upon his mortgages was a good plea of release of error. He had proceeded under the decree and obtained the land and his conduct showed that he submitted to the decree and obtained an advantage under it, and through his acts the parties could not be placed *in statu quo.*

It is manifest that this case does not come within the principle governing any of the cases where a plea of release of errors was held good. There is no inconsistency between the receipt of the taxes admitted to be due and which plaintiff in error was bound to collect, and his assignment of errors that the court erred in enjoining the collection of such taxes as were disputed. The plaintiff in error did not release errors, if any, committed against him in the rendition of the decree and is not estopped to assign for error that the court erred in granting relief to the defendant in error. The pleas do not present a defense in law to the assignment of errors, and the demurrer is therefore sustained.

Prior to the enactment of the Practice act of 1907 a defendant in error was never permitted to plead a release of errors, and, if the plea was adjudged bad or not sustained, afterward join in error, (*Austin* v. *Bainter,* 40 Ill. 82,) but by section 109 of that act it is provided that a plea of release of errors, though adjudged bad or not sustained, shall not deprive the defendant of the right to join in error. The demurrer is sustained and leave is given to the defendant in error to join in error if she shall be so advised, and in that event to file her brief and argument by the first day of the next term. *Demurrer sustained.*