HOWEISEN ET AL. *v.* CHAPMAN ET AL.

[No. 24,169. Filed November 18, 1924.]

1. TIME.—*Limit for Filing Remonstrance.—Intervention of Legal Holiday.*—Where ·a statute (Acts 1917 p. 292, §6143 Burns' Supp. 1921) fixed ten days as the time within which remonstrances must be filed to drainage proceedings, and specified the day of filing the report and Sundays as being excluded from the computation, but did not specify legal holidays, Monday, February 13, which was a legal holiday because of Lincoln's birthday being on Sunday, was not excluded from the computation. p. 383.

2. TIME.—*Computation of Time.—Inclusion of Sundays and Holidays.—Periods Less Than a Week.*—When a statute provides the time within which an act shall be performed, intervening Sundays and holidays are to be included in computing the time, unless expressly or by necessary inference the statute provides ˆotherwise, except when the time is less than a week. p. 383.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Action by Clark and Frances Chapman and others to establish a drain. From a judgment striking out a

remonstrance by Jacob Howeisen and others, the latter appeal. *Affirmed.*

*Colerick & Hogan*, for appellants.
*Aiken, Douglas & Aiken*, for appellees.

GAUSE, J.—This is a proceeding to establish a drain, commenced by a petition filed in the court below.

Commissioners were appointed to view the proposed work and make report thereon. This report was filed on February 6, 1922.

Appellants' lands had been named in the petition as affected and they had been given notice thereof, and their lands were assessed as benefited in said report.

On February 18, 1922, appellants filed their several remonstrances to the report, as provided by §6143 Burns' Supp. 1921, being the amendatory act of 1917, Acts 1917 p. 292. This statute provides that, "Upon the making of such report to the court ten (10) days, exclusive of the day of filing such report and Sundays, shall be allowed to any owner of lands affected by the work proposed and reported benefited or damaged, to remonstrate against the report."

Upon the motion of appellees these remonstrances were stricken out by the court, on the ground that they had not been filed within the time provided in said statute. This is the only question presented by this appeal.

It is apparent that more than ten days, exclusive of the day of filing such report and Sundays, had elapsed when the remonstrances were filed, but appellants call attention to the fact that Lincoln's birthday, to wit, February 12, came on the intervening Sunday that year; that by statute (§9086 Burns 1914, Acts 1915 p. 196) said day is made a legal holiday for all purposes, and it is further provided that when such legal holiday comes on a Sunday, the Monday following shall be a legal holiday.

From this they argue that in computing the ten days given to file these remonstrances, Sunday, February 12, should be excluded, and also Monday, February 13, which in that year was a holiday on account of Lincoln's birthday coming on Sunday. If both of these days are excluded, then the remonstrances were filed in time. In our opinion appellants' contention is not well founded.

In the first place, the statute fixing the time for the filing of the remonstrance specifies just what days shall be excluded in the computation, namely, the day

1. of filing the report and Sundays, and under the familiar maxim, *expressio unius est exclusio alterius*, all days not specified in the statute are excluded from its provision. *English* v. *Dickey* (1891), 128 Ind. 174, 13 L. R. A. 40; *Board, etc.*, v. *Tincher, etc., Co.* (1912), 49 Ind. App. 221, 26 R. C. L. 751. Therefore, since the statute does specify Sundays, but does not specify other holidays, only Sundays are within the statute and are to be excluded in computing the time.

It is also the general rule that when a statute provides the time within which an act shall be performed,

2. intervening Sundays and holidays are to be included in computing the time, unless expressly, or by necessary inference, the statute provides otherwise. The only exception to this rule seems to be that where the time is less than a week in duration, so that a Sunday would not necessarily intervene, courts will not presume that the legislature intended to further cut down so short a time. But subject to this exception, intervening Sundays or holidays are generally counted, unless there is something to show a contrary intention upon the part of the legislature. *Womack* v. *McAhren* (1857), 9 Ind. 6; *State, ex rel.*, v. *McGinnis* (1870), 34 Ind. 452; *Yocum, Aud.*, v. *First*

*Nat. Bank* (1896), 144 Ind. 272; *Am. Tobacco Co.* v. *Strickling* (1898), 88 Md. 500, 41 Atl. 1083, 60 L. R. A. 909; 26 R. C. L. 751; 38 Cyc 332.

It follows that the remonstrances of appellants were not filed within the time specified by the statute and they were properly stricken out.

Judgment affirmed.