VANDAGRIFFT ET AL., *v.* STATE OF INDIANA,
EX REL. SUDBROCK.

[No. 24,464. Filed May 10, 1927.]

1. MUNICIPAL CORPORATIONS.—*Modification of assessments for public improvements.*—Under the provision of §10355 Burns 1926, a board of public works can only modify a primary assessment for a public improvement when there has been a remonstrance and can then change only the particular assessment objected to. p. 215.

2. MUNICIPAL CORPORATIONS.—*Jurisdiction of board of public works.*—A board of public works, being a body of special and limited jurisdiction, its action is limited to the particular instances authorized by statute, and its jurisdiction must be exercised under the limitations and restrictions prescribed by statute. p. 215.

3. MUNICIPAL CORPORATIONS.—*Board of public works has no power to change or vacate a final assessment roll for a public improvement.*—After final action approving an assessment roll for a municipal improvement of the kind referred to in §10351 Burns 1926, the board of public works has no power to rescind or modify such action, as there is no statutory authority therefor.  p. 215.

4. MUNICIPAL CORPORATIONS.—*On approval of assessment roll for public improvement, board of works must issue certificates to property owners for their damages.*—Under the provisions of §10357 Burns 1926, upon the approval of an assessment roll awarding damages because of a public improvement of the kind referred to in §10351 Burns 1926, it becomes the duty of the board of public works to issue certificates to the several persons awarded damages, showing the amount due each one, and, on presentation of these certificates to the head of the department of finance [in cities of the first class], such persons would be entitled to warrants on the city treasurer.  p. 216.

5. MUNICIPAL CORPORATIONS.—*Right to appeal from assessment roll for public improvement.*—Section 10355 Burns 1926 limits the right of appeal from an assessment roll for a municipal improvement to persons that have remonstrated against the assessment roll, and a property owner who had not remonstrated as to an award of damages in his favor could not appeal therefrom.  p. 216.

6. MANDAMUS.—The remedy of mandamus may be invoked if there be a clear legal right and no adequate legal remedy.  p. 216.

7. MANDAMUS.—Mandamus lies to compel an officer to perform a clear, imperative legal duty when no other adequate legal remedy exists.  p. 216.

8. MANDAMUS.—*Mandate proper remedy by landowner to compel board of works to correct assessment roll awarding him damages for municipal improvement.*—Where board of public works in a city of the first class had changed an approved assessment roll for a public improvement of the kind referred to in §10351 Burns 1926 by reducing the amount of damages awarded a property owner, and refused to correct or restore the roll to its original condition, such landowner may maintain an action of mandate against such board to compel it to take such steps as necessary to restore him to his rights if he had not remonstrated against the roll, as he had no right to appeal (§10355 Burns 1926).  p. 216.

From Marion Circuit Court (35,419); *Harry O. Chamberlin,* Judge.

Action in mandate by Arthur F. Sudbrock against Virgil Vandagrifft and others as members of the board of public works of the city of Indianapolis to compel them to correct and amend an assessment roll for a pub-

lic improvement which awarded damages to Sudbrock. From a judgment for relator, the defendants appeal. *Affirmed.*

*James M. Ogden* and *William T. Bailey*, for appellants.
*Shirley, Whitcomb & Dowden*, for appellee.

GEMMILL, C. J.—The relator brought suit against the members of the Board of Public Works of the City of Indianapolis to mandate them to correct and amend a certain assessment roll in the improvement proceedings for the widening of Forty-fifth street in said city, so that it would show that the relator was awarded damages in the sum of $1,400 and was assessed benefits in the sum of $140, and also to mandate them to take all other action in order for the relator to receive from the department of finance of the city a warrant on the treasurer of the city of Indianapolis for the sum of $1,260. The defendants filed an answer in general de-. nial. The cause was tried by the court, which found for the relator and entered judgment for him. The appellants have appealed, assigning as error that the court erred in overruling their motion for a new trial. Since the appeal was taken, there have been several changes in the personnel of the board of public works, and the present members of the board have been substituted as appellants.

There was an agreed stipulation of facts which showed as follows: On October 24, 1921, the then members of the board of public works acting as said board of public works of said city adopted and put in force a certain improvement resolution, No. 10,080, whereby and in which proceedings action was taken for the widening of Forty-fifth street in the city from the west property line of Pennsylvania street to a point two hundred feet west of Pennsylvania street. The resolution described the property which would be injuriously and beneficially

affected by the proposed improvement, and it created a taxing district for the purpose of assessing benefits and awarding damages on account of said improvement. The relator, Arthur F. Sudbrock, was the owner of certain real estate in the taxing district, and part of his real estate was condemned and taken for the widening of the street. The board of public works caused notice to be given by publication that on November 11, 1921, the board would receive and hear remonstrances and objections from all persons interested in or affected by said improvement. No remonstrances or objections were filed; and on said day, the board took final action confirming and approving said improvement resolution and entered a final order confirming and approving said resolution and condemning and taking certain real estate of the relator for the purpose of the improvement. The board of public works then caused an assessment roll to be prepared in the matter of said improvement, which awarded the relator damages in the sum of $1,400, and assessed benefits against his real estate in the sum of $140. Notice was then given by the board of public works to the owners of real estate in the taxing district, showing amount of benefits and amount of damages, if any, assessed against each; and notifying them that the board, on March 29, 1922, would hear any remonstrances. On March 29, no action was taken by the board, and the meeting and hearing was postponed until March 31, 1922; and on that day same was continued until April 5, 1922. On March 29, the chairman of the board of public works requested counsel for relator to furnish the data and estimates on which the original action was taken awarding him damages in the sum of $1,400. Same was furnished in a letter on April 3, 1922, which stated that relator's damage amounted to $2,090. On April 5, 1922, at said postponed meeting, the board took final action approving said assessment roll and said pro-

ceedings to widen said Forty-fifth street under and pursuant to said improvement resolution, and the board duly made and entered in its minute record a final order confirming and approving in all things an assessment roll and the proceedings for the improvement. On April 6, 1922, the next day after the confirmation and approval of the final assessment roll in said proceedings, the board caused to be delivered to the department of finance of said city a final assessment roll in the proceedings, which showed that the relator had been awarded damages in the sum of .$1,000 and had been assessed benefits in the sum of $500. On April 14, 1922, Arthur F. Sudbrock, the relator, demanded of the members of the board of public works, that they correct and amend said final assessment roll so delivered to the department of finance so that same would show the true and correct amount of benefits assessed against and damages awarded each of the owners of real estate in the taxing district for said improvement. The board refused to do this and, on that day, after receiving the notice and demand of the relator, the board adopted a resolution for the purpose of rescinding said improvement resolution No. 10,080 and cancelling and rendering void all the proceedings in connection with the widening of Forty-fifth street. And the board of public works never made out in favor of the relator or rendered to him a certificate or voucher for the $1,260 or any other sum, by reason of the proceedings under said improvement resolution for the widening of Forty-fifth street. There was a further stipulation that the relator, through his attorney, was present at the meeting of the board of public works on April 5, 1922, at which meeting, the board took final action on improvement resolution No. 10,080 and took final action approving an assessment roll in said proceedings; and no action was taken at said meeting by relator or relator's attorney.

From the agreed stipulation of facts, it is apparent that the primary assessment roll was duly adopted by the board of public works on April 5, 1922, as the final assessment roll. This assessment roll awarded damages to the relator in the sum of $1,400 and assessed his benefits at the sum of $140. The letter which the attorneys for the relator wrote to the chairman of the board of public works at his request, and which was before the board on that day was not then regarded as a remonstrance and cannot be so considered now. The relator did not remonstrate against his assessment of benefits or award of damages as set out in the original assessment roll, which was the one concerning which he was given notice and which was the one upon which action was taken on that day.

Appellants contend that the record of the board is ambiguous as to which assessment roll was adopted. There is no ground for this contention, as the board on April 5, 1922, according to the record which it made, confirmed in all things the original assessment roll. The final assessment roll which it approved was the primary assessment roll which it had been considering. It was provided in §1, ch. 191, Acts 1915 p. 689, §10355 Burns 1926, that, in a proceeding of this character, any person notified or deemed to be notified might appear before the board of public works on the day fixed for hearing remonstrances in regard to awards and assessments, and remonstrate against the same. And after remonstrances had been received, the board should thereupon either sustain or modify the awards or assessments in case of such remonstrances, but in no other case. The board had no authority to change the amounts of relator's award of damages or his assessment of benefits. In §3, ch. 191, Acts 1915 p. 689, §10357 Burns 1926, it was stated that it was the duty of the board of public works, after it had completed an

assessment roll to deliver same forthwith to the department of finance of the city. The board of public works, being a court of limited or special jurisdiction, its jurisdiction was confined to particular causes and could be exercised only under the limitations and circumstances prescribed by statute. *Falender* v. *Atkins* (1917), 186 Ind. 455, 114 N. E. 965. The board of public works took final action on the assessment roll, and thereafter it had no power to rescind and vacate such final action, as the right and power to set aside or modify a final order or judgment by a court of limited and special jurisdiction did not exist. *Doctor* v. *Hartman* (1881), 74 Ind. 221; *Weir* v. *State, ex rel.* (1884), 96 Ind. 311; *Brown* v. *Goble* (1884), 97 Ind. 86; *Town of Hardinsburg* v. *Cravens* (1897), 148 Ind. 1, 47 N. E. 153.

After the board of public works had performed its duty of delivering the assessment roll to the department of finance, the amounts of benefits therein assessed, or excess of benefits over damages where a lot sustained both benefits and damages, became liens, superior to all other liens except taxes, against the respective lots upon which they were assessed. §3, ch. 191, Acts 1915 p. 689, §10357 Burns 1926. Upon the completion of the award of damages, in a proceeding of this kind, it became the duty of the board of public works to make out proper certificates for the proper amounts and in favor of the proper persons. Upon the presentation of these certificates to the head of the department of finance, such persons would be entitled to warrants on the city treasurer. §3, ch. 191, Acts 1915 p. 689, §10360 Burns 1926. The effect of the action of the board of public works was to take from relator a portion of his real estate which the city condemned for the purpose of widening said street; and therefore relator was entitled to be paid the correct amount awarded him as damages for same.

Appellants' contention that relator's remedy was to appeal from the assessment roll filed with the department of finance cannot be upheld. He had never remonstrated against the assessment roll which was filed with the department of finance or the one which was approved and confirmed by the board of public works; and he, therefore, had no right of appeal. The remedy of mandamus may be invoked if there be a clear legal right and no adequate legal remedy. *Board, etc., v. State, ex rel.* (1911), 175 Ind. 147, 93 N. E. 851; *State, ex rel.,* v. *City of Indianapolis* (1919), 188 Ind. 685, 123 N. E. 405. And mandamus lies to compel an officer to perform a clear, imperative, legal duty when no other adequate legal remedy exists. *Town of Windfall City* v. *State, ex rel.* (1909), 172 Ind. 302, 88 N. E. 505; *Gorman* v. *State, ex rel.* (1901), 157 Ind. 205, 60 N. E. 1083. The relator alleged and proved a clear, legal right to have performed the acts of which he sought to compel the performance; there existed the plain duty on the part of the defendants to perform such acts; and the relator did not have any other remedy. The finding of the court was sustained by sufficient evidence and it was not contrary to law.

The judgment is affirmed.