CITY OF INDIANAPOLIS *v.* STUTZ MOTOR CAR COMPANY OF AMERICA.

[No. 14,283. Filed March 30, 1932.]

212

*Edward H. Knight, James E. Deery* and *Herbert M. Spencer,* for appellant.

*Roemler, Carter & Rust,* for appellee.

WOOD, P. J.—Appellee is the owner of real estate abutting upon North Capitol Avenue, in the city of Indianapolis. On August 17, 1928, the board of public works of said city adopted an improvement resolution, for the improvement of a portion of said street including therein that portion passing by the property of appellee. All steps necessary for the proper accomplishment of the improvement were carried out, assessments were made against the abutting properties along the street, including appellee's, which was assessed bene-

fits aggregating $2,337.97. Thereupon, the board of public works made out and filed a *prima facie* assssessment roll, in which was included the assessments against appellee's property. Immediately after this assessment roll was completed and filed, the board caused notice to be given to all property owners affected by said assessment, and fixed May 27, 1929, as the time, and the office of the board as the place, when and where it would receive and hear remonstrances of property owners against their respective properties. On May 27, 1929, the board continued the hearing on the remonstrances until June 3, 1929. The appellee did not appear before the board on May 27, 1929, by attorney or otherwise, nor did it file any remonstrance of any kind on that date. On June 1, 1929, appellee filed a remonstrance with the clerk of the board. On June 3, 1929, the date to which the hearing on remonstrances had been continued, the board of public works affirmed the assessment against appellee's real estate as set out in the *prima facie* assessment roll. On June 22, 1929, appellee filed its verified complaint in two paragraphs in the lower court, in which it sought an appeal from the action of the board. Appellant demurred to the complaint, alleging, as ground for demurrer, first, that each paragraph of complaint showed that the court did not have jurisdiction of the subject-matter of the appeal, second, that neither paragraph of complaint stated facts sufficient to constitute a cause of action, in support of which four paragraphs of memoranda were filed. This demurrer was overruled. The cause was then submitted to the court for trial. At the conclusion of all the evidence in the case, appellant filed a motion to dismiss the appeal, first because the court did not have jurisdiction over the parties, second, because the court did not have jurisdiction over the subject-matter of the proceeding or the attempted appeal. This motion was overruled.

Thereafter, on July 3, 1930, the court found that the assessment against appellee's property should be reduced in an amount equal to 75 per cent of the amount as fixed by the board of public works, and rendered judgment accordingly. Appellant then filed a motion to modify the judgment of the court, which motion was overruled. Appellant also filed a motion for a new trial and it was overruled. On August 4, 1930, appellee paid to the appellant, through proper officers, the sum of $622.41, being the full amount due on the assessment against its property as modified by the trial court. This sum was accepted by appellant and paid to the contractor who put in the improvement. On December 30, 1930, appellant perfected its appeal from the judgment of the trial court by filing in the office of the clerk of this court its record, notice of appeal with proof of service of same, and assignment of errors.

On May 4, 1931, appellee filed its verified motion to dismiss this appeal, alleging the satisfaction of the judgment and acceptance of benefits under same by appellant substantially as above set out. An orderly consideration of this appeal suggests that we first pass upon this motion.

In support of the motion, counsel for appellee cite that portion of §695 Burns 1926, reading as follows: "The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." This is a statutory declaration of the common law, and is the general rule recognized by the courts and the authorities. *Sterne* v. *Vert* (1896), 108 Ind. 232, 9 N. E. 127. One of the outstanding reasons for the rule seems to be that a party should not be permitted to assume or occupy inconsistent positions, in other words, that he should not accept benefits under a judgment, which, in the event of its reversal, will give him an undue advantage over his

opponent, as where a cause might be reversed and a new trial ordered. But, in the application of the rule, the courts have recognized some exceptions, and that the acceptance of benefits under every judgment does not defeat the right of a litigant to perfect or maintain an appeal therefrom. The rule, therefore, that a party cannot maintain an appeal to reverse a judgment after having accepted payment thereof in whole or in part does not generally apply where the appealing party is shown by the record to be so absolutely entitled to the sum collected or accepted that a reversal of the judgment will not in any way affect his right to the amount accepted, as in the case of the acceptance of an admitted or uncontroverted part of the sum demanded, or in other like cases. 3 C. J. p. 682, §556. In the case of *Tyler* v. *Shea* (1894), 4 N. D. 377, 61 N. W. 468, 50 Am. St. 660, the rule and the principle underlying the exceptions thereto is stated in clear and concise language as follows: "The rule is well settled that one cannot accept or secure a benefit under a judgment, and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by the reversal of the judgment. (Citing authorities.) We must be careful not to ignore an important qualification to the general doctrine. Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit . . . It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from." The following

authorities sustain the above statement. *Sills* v. *Lawson* (1892), 133 Ind. 137, 32 N. E. 875; *Schaeffer* v. *Ardery* (1909), 238 Ill. 557, 87 N. E. 343; *Phillips* v. *Towles* (1882), 73 Ala. 406; *United States* v. *Dashiel* (1866), 3 Wall. (U. S.) 688, 18 L. Ed. 268; *Embry* v. *Palmer* (1883), 107 U. S. 3, 2 Sup. Ct. 25, 27 L. Ed. 346; *Reynes* v. *Dumont* (1889), 130 U. S. 354, 9 Sup. Ct. 486, 32 L. Ed. 934; *Snow* v. *Hazelwood* (1910), 179 Fed. 182; *Carson Lumber Co.* v. *St. Louis, etc., R. Co.* (1913), 209 Fed. 191; 2 Freeman, Judgments, §1165, p. 2406; 3 C. J., §556. p. 682.

The facts appearing in the record before us and the nature of the judgment appealed from lead irresistibly to the conclusion that this is a case coming within the exception to the general rule and that appellee's motion to dismiss this appeal is not well taken. It is agreed that the first paragraph of appellee's complaint is upon the theory of an appeal from the amount of the assessment as fixed by the board of public works as required by Acts 1919 p. 635, §§10344-10350 Burns 1926. The second paragraph of appellee's complaint includes all the allegations contained in the first, and, in addition thereto, alleges facts seeking to show that the improvement was carried on pursuant to ch. 25, Acts 1923 p. 78, §§10481-10486 Burns 1926, as amended Acts 1929 p. 243, §§10484-10485 Burns Supp. 1929, under the provisions of which, the appellee would be required to pay only 25 per cent of the cost of the improvement, and appellant would be required to pay 75 per cent thereof, closing with a prayer that the whole cost of the improvement be assessed against appellant, or, if the court should find that, in making said improvement, appellant proceeded under Acts 1923 p. 78, that the assessment against appellee's property be modified in accordance therewith. In their brief, counsel for appellee declare the theory of this paragraph of com-

plaint in this language: "The second paragraph of complaint was drawn upon the theory that under the law only one fourth of the cost of the improvement involved in this suit could be assessed against the property owner." We think that the record conclusively shows that the appellee filed both paragraphs of complaint for the purpose of effecting an appeal from the assessments made by the board of public works; that they were so regarded by all parties and the court; that the cause was tried and judgment rendered upon that theory. These statements, which are significant, appear in the finding and judgment of the court: "Come now the parties and this cause being at issue is now submitted to the court for trial, . . . and the court being duly advised, finds for the *appellant* on its complaint and that its *appeal* should be sustained, and that the assessment against each of its lots and pieces of land, named in its complaint is excessive, and in an amount greater than the benefits accruing to such property by reason of the improvement alleged in such *appeal.* . . . The court further finds that each of such assessments should be reduced," etc. "It is therefore ordered . . . by the court that the *appeal* of *appellant* be, and the same is now sustained and that each of such assessments made against each of the various lots and lands of the *appellant* . . . be and the same is reduced . . . and that each of the lots and lands of the *appellant* should be assessed," etc. "It is further ordered . . . by the court that each of these appellants shall," etc. (Our italics.) The theory adopted by the parties and the trial court is binding upon this court. Ewbank, Manual of Practice (2d ed.) §288. We think that from the foregoing it necessarily follows that appellee's action was an appeal from the assessment, and was a special statutory proceeding under the act of 1919, *supra,* and if the trial court had jurisdiction of the subject-matter, any

judgment rendered fixing assessments would be final and there could be no appeal. Appellant in this appeal is not questioning the amount of the assessment as finally fixed by the trial court, but questions the authority of that court to entertain the appeal of appellee from the order of the board of public works fixing the amount of the assessment, and rendering a judgment modifying the amount thereof for want of jurisdiction over the subject-matter and the parties.

The only assignments of error not waived and presented by appellant for our consideration are: (1) "The court erred in overruling appellant's demurrer to each paragraph of appellee's complaint"; (2) "The court erred in overruling appellant's motion to dismiss the appellee's appeal for want of jurisdiction over the parties and also over the subject-matter, which motion was filed at the conclusion of all the evidence." Under the issues thus tendered in this court, it is apparent that, if the appeal is sustained, the appellee would be liable for the entire assessment against its property, and if this judgment is affirmed, appellee has only paid and the appellant has only received what the trial court determined and what the appellee admits was the proper amount for which its property was liable to be assessed, and for which amount appellee would be liable in any event. That is to say, that however this appeal may be terminated, appellant is absolutely entitled to receive from the appellee the amount paid to and accepted by appellant; this is agreed upon and uncontradicted. The motion to dismiss this appeal is overruled.

Section 10448 Burns 1926, Acts 1905 p. 292, as amended Acts 1925 p. 211, outlines the procedure to be followed by the board of public works in cities of the class and size of appellant, in preparing, approving and completing assessment rolls, having to do with the improvement of streets and alleys.

Among the steps to be taken, it provides that: "Immediately after said assessment roll is completed and filed, the said board shall cause a notice to be published in said city. . . . Such notice shall also name a day after the date of the last publication on which the said board will, at its office, receive and hear remonstrances against the amounts assessed against their property respectively on said roll, and will determine the question as to whether such lots or tracts of lands have been or will be benefited by said improvement in the amounts named on said roll, or in . . . any sum, *at which place and time all owners of such real estate may attend, in person or by representative, and be heard. On the date so fixed, the board shall receive and hear all remonstrances, as stated in such notice.* . . . The decision of such board as to all such benefits shall be final and conclusive on all parties: Provided, That any owner of any lot or parcel of land so assessed as aforesaid shall have the right to take an appeal to the circuit or superior court of the county in which said city or town is located, *provided such owner has filed a written remonstrance with said board.*" (Our italics.) These provisions of the statute seem to be clear and explicit and not subject to judicial interpretation. In this case, the board of public works, as authorized and directed by statute, gave notice to property owners that it would receive and hear remonstrances on May 27, 1929, at its office in the city of Indianapolis. Appellee did not see fit to "attend, in person or by representative and be heard, on the day so fixed," but deferred filing any remonstrance until June 1, 1929, four days after the date fixed by the board on which it had notified property owners it would "receive and hear all remonstrances." But appellee says that, because the board continued the hearing of remonstrances until June 3, 1929, such continuance had the effect of continuing the time within which to file re-

monstrances, and that the filing of its remonstrance on June 1, 1929, was in time. No owner of property is entitled to appeal from the action of the board unless he has filed a written remonstrance with the board. Having heretofore determined that both paragraphs of appellee's complaint were upon the theory of and constituted on appeal as provided under the act of 1919, *supra,* from the assessment as fixed by the board, it was necessary, in order to constitute a good cause for appeal, and to show jurisdiction in the trial court, to allege and prove that appellee had filed a remonstrance in writing with the board as required by law, "and showing the date on which such remonstrance was filed." Appellant's appeal to this court for the purpose of questioning the jurisdiction of the trial court is a recognized procedure, and its demurrer to each paragraph of appellee's complaint for want of jurisdiction over the subject-matter and parties to the action properly presents that question for our consideration. §362 Burns 1926; *City of Peru* v. *Kruetzer* (1927), 86 Ind. App. 420, 153 N. E. 420; *City of Franklin* v. *Graham Realty Co.* (1929), 89 Ind. App. 389, 166 N. E. 609; *Cushman* v. *Hussey* (1917), 187 Ind. 228, 118 N. E. 816; *City of New Albany* v. *Lemon* (1926), 198 Ind. 127, 149 N. E. 350, 152 N. E. 723. If appellee failed to properly file a remonstrance within the time designated by the board, then it had no right to appeal from the action of that body in approving the assessment against appellee's property, as set out in the *prima facie* assessment roll. "The right to a new trial or to an appeal to this court or any other court depends upon the provisions of the statutes, and a new trial can be granted or an appeal taken only when authorized by statute, *and then only in the manner, upon the conditions, and for the reasons named in the statute.*" (Our italics.) *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), 200 Ind. 178, 162 N. E. 403. "The board of

public works, being a court of limited or special jurisdiction, its jurisdiction was confined to particular causes and could be exercised only under the limitations and circumstances prescribed by statute." *Vandagrifft* v. *State, ex rel.* (1927), 199 Ind. 210, 156 N. E. 465. Section 10448 Burns 1926, *supra,* provides with great particularity, the procedure and steps to be taken in the preparation and final approval of the assessment roll. The nature of the proceedings are such that it would not only be impracticable, but impossible, for the Legislature to fix specific dates for the filing or hearing of remonstrances, so the power to fix such dates is conferred upon the board, and, when it does fix the date upon which it will "receive and hear all remonstrances, as stated in such notice," we hold that any property owner wishing to avail himself of the right to remonstrate against his assessment must file his remonstrance in writing on a date not later than the day designated in the notice, and that the board of public works has no power or authority to receive or consider a remonstrance filed at a later date. This is the rule adopted by the courts of this state in cases where the principle and facts involved are very similar to those in the instant case. *McKee* v. *Town of Pendleton* (1903), 162 Ind. 667, 69 N. E. 997; *City of Peru* v. *Cox* (1909), 173 Ind. 241, 90 N. E. 7; *Shaum* v. *Harrington* (1909), 173 Ind. 610, 91 N. E. 226; *Benbow* v. *Gray* (1923), 193 Ind. 269, 128 N. E. 607; *Thompson* v. *Mossburg* (1923), 193 Ind. 566, 139 N. E. 307, 141 N. E. 241; *Howeisen* v. *Chapman* (1924), 195 Ind. 381, 145 N. E. 487; *Mead Construction Co.* v. *Wilson* (1928), 200 Ind. 443, 164 N. E. 313; *Vandagrifft* v. *State, ex rel., supra;* McQuillen, Municipal Corporations (2d ed.), §2277.

By its failure to file a written remonstrance with the board upon May 27, 1929, appellee waived its right to appeal to the lower court from the action of the board.

That court erred, therefore, in overruling appellant's demurrer to each paragraph of appellee's complaint for want of jurisdiction.

This judgment is reversed, with instructions to sustain appellant's demurrer to each paragraph of appellee's complaint and for further proceedings not inconsistent with this opinion.