## FIFTH AVENUE BANK OF NEW YORK v. HAMMOND REALTY CO. et al.

### No. 8023.

Circuit Court of Appeals, Seventh Circuit.

Oct. 30, 1942.

Joseph H. Schwartz, Edward A. Cooper, and Norman H. Nachman, all of Chicago, Ill. (Schwartz & Cooper and Harry Adelman, all of Chicago, Ill., of counsel), for appellant.

Jay E. Darlington and Frederick C. Crumpacker, both of Hammond, Ind., and Walter Myers, of Indianapolis, Ind., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff, a New York corporation, as executor of the last will and testament of Isabel D. McHie, brought suit in the Northern District of Indiana against the Hammond Realty Company on certain past-due bonds, and against the defendant Sidmon McHie as a guarantor of the payment of said bonds under a written guaranty of April 11, 1933. The District Court found for the plaintiff and against the defendant Hammond Realty Company in the sum of $10,365.47 and costs; and declined to give judgment against Sidmon McHie and entered judgment for him on his counterclaim, holding that McHie was the equitable owner of all the property of which the testatrix died seized. Neither the plaintiff nor the defendant Hammond Realty Company appealed from the judgment against that company. The time for appeal has long since expired, and this judgment has become final and conclusive.

The plaintiff did appeal from that part of the final judgment "that plaintiff recover no judgment against Sidmon McHie," and which found for Sidmon McHie on his counterclaim that he was the equitable owner of the property. After notice of this appeal had been given, an execution was issued against the Hammond Realty Company. Under that execution there was a levy upon certain property of the company, and the marshal collected one thousand dollars from the company on said execution. The defendant-appellee Sidmon McHie has made a motion in this court that the appeal be dismissed on the ground that the plaintiff cannot appeal from a judgment under which it has received a benefit, citing an Indiana statute and numerous Indiana cases to that effect. We recognize the existence of such a rule, but there is a well-known exception thereto, and we think the plaintiff-appellant comes within that exception. The rule and the exception are clearly stated by Judge Shake of the Indiana Supreme Court in State ex rel. Jackson v. Middleton, 215 Ind. 219, 224, 19 N.E.2d 470, 472, 20 N.E.2d 509, as follows:

"The statute (§ 2-3201, Burns' 1933, Sec. 471, Baldwin's 1934) is merely declaratory of the common law rule that a party cannot accept the benefit of an adjudication and yet allege it to be erroneous. 4 C.J.S., Appeal and Error, § 216, p. 416. But, like most general rules, this has its exceptions and it is accordingly recognized that an acceptance of an amount to which the acceptee is entitled in any event does not estop him from appealing from or bringing error to the judgment or decree ordering its payment. City of Indianapolis v. Stutz Motor Car Co., 1932, 94 Ind.App. 211, 180 N.E. 497. The facts upon which the court below rendered judgment against the appellees for $249.33 were stipulated by the parties and are undisputed. The appellant has not challenged the propriety of that part of the judgment by cross-errors and, so far as the motion to dismiss the appeal is concerned, the case comes clearly within the exception to the rule stated above. Appellees' motion to dismiss is therefore denied."

See, also, City of Indianapolis v. Stutz Motor Car Co., 94 Ind.App. 211, 180 N.E. 497.

The judgment against the Hammond Realty Company became final and conclusive and was not appealed from, and the plaintiff on facts stipulated was entitled to the judgment against it in any event. What the plaintiff collected from the Hammond Realty Company was the plaintiff's just due and in no wise prejudiced Sidmon McHie. If the case was affirmed, Sidmon McHie could not be hurt because the plaintiff would be holding the proceeds for the benefit of Sidmon McHie as the equitable owner thereof. If the case was reversed and Sidmon McHie held liable as a guarantor and not to be entitled as equitable owner, then the amount collected on the judgment against the Hammond Realty Company would reduce by that much the amount Sidmon McHie would have to pay as guarantor. The motion to dismiss is overruled.

This brings us to a consideration of the judgment in favor of Sidmon McHie on his counterclaim, and the judgment that plaintiff do not recover against him as guarantor. Sidmon McHie and the testatrix were married in 1909 and lived together as husband and wife until December, 1925, when they separated. On May 12, 1919 Mr. and Mrs. McHie had entered into a written contract for reciprocal wills, each providing that if the other survived he or she would provide by will that such survivor would get the property of the deceased person. After the parties had separated, to wit, on March 22, 1926, they entered into a contract for the disposition and division of their property, and the agreement of May 12, 1919 was expressly rescinded. The contract of March 22, 1926 is a document covering five pages in the record and disposing of many hundreds of thousands of dollars worth of property between the parties. It also provides that in addition to the property given to and confirmed to Isabel D. McHie under said agreement, the defendant Sidmon McHie was to pay her one thousand dollars a month for her support as long as she lived.

The Sixth Covenant of this contract provides as follows:

"Sixth: It is agreed that the parties shall live apart and separate and shall not annoy or molest each other."

All the provisions of the contract were executed except the monthly payments and the continuing obligation of the Sixth Covenant. In May, 1932 Sidmon McHie defaulted in his payments of support under the contract, and continued in default.

Sidmon McHie filed suit for divorce against Isabel D. McHie in the Lake Superior Court, and decree was entered in his favor, granting him a divorce July 3, 1936. This judgment was affirmed by the Appellate Court of Indiana. The divorce decree was granted on the grounds of cruel and inhuman treatment, which included, among other things, annoyance and molestation of Sidmon McHie by Isabel D. McHie in violation of the covenant of the contract of March 22, 1926.

Sidmon McHie's counterclaim in the matter now before this court declared upon the contract for reciprocal wills of May 12, 1919. The plaintiff answered that this contract had been rescinded by the contract of March 22, 1926. The District Court found that because Isabel D. McHie had flagrantly violated the Sixth Covenant of the contract of March 22, 1926, the consideration for this contract had failed and Sidmon McHie had a right to treat it as no longer in effect; and the contract of May 12, 1919 was thereby revived, and under this contract Sidmon McHie was the equitable owner of the property of which the testatrix died seized.

The court found that Sidmon McHie did guarantee the payment of the bonds in suit. The court further found that for a valuable consideration Sidmon McHie did on February 1, 1939, in writing, guarantee the payment of these bonds. The court declined to enter judgment against Sidmon McHie as such guarantor for the reason that the court had found he was the equitable owner of the bonds and it would be equivalent to entering a judgment in favor of himself. The court did not declare whether Sidmon McHie was a guarantor of the bonds in suit under the written guaranty of April 11, 1933 or that of February 1, 1939.

■ We put to one side the effect the divorce decree had upon the property rights of the McHies, and we shall examine the covenants of the contract of March 22, 1926, which the District Court found Isabel D. McHie had flagrantly breached by annoying and molesting Sidmon McHie. Because she had breached this covenant, the District Court held consideration for the contract failed and Sidmon McHie was entitled to consider the contract of March 22, 1926 as at an end, and the contract of May 19, 1919 restored. The essence of the contract of March 22, 1926 was the settlement of the extensive property rights of the parties, and this contract, as we have pointed out before, had been executed in every respect except as to the mutual obligations under the Sixth Covenant not to molest each other, and the covenant of McHie to pay one thousand dollars a month support, which he breached. The Sixth Covenant was an independent covenant, and it contained the mutual promise of each of the parties not to annoy or molest the other. The defendant Sidmon McHie, as we have pointed out, had breached the contract as to the payments for support. He never paid on it after May, 1932. This undoubtedly annoyed Isabel D. McHie, and was doubtless the reason why she exhibited her annoyance to and molested the defendant Sidmon McHie. Because the Sixth Covenant was an independent covenant and not the essence of the contract, we do not think its breach constituted such failure of consideration as to entitle the defendant Sidmon McHie to treat the contract as ended. Hughes v. Burke, 167 Md. 472, 175 A. 335, 337; Sabbarese v. Sabbarese, 104 N.J.Eq. 600, 146 A. 592.

■ As to the liability of Sidmon McHie on his guaranty, we again lay to one side the effect of the divorce decree upon the written agreement of April 11, 1933. The trial court found that Sidmon McHie was the guarantor of the bonds in suit, and found that he had for a valuable consideration on February 1, 1939 guaranteed in writing the payment of these bonds. The evidence of this later guaranty was admitted in the trial court without objection and was considered by the court on the motion for summary judgment. While it is true that the plaintiff had declared in its pleadings upon the written guaranty of April 11, 1933 and not the one of February 1, 1939, still since the evidence of the guaranty of February 1, 1939 was admitted without objection and approved by the court in a special finding, such finding is sufficient to support the court's conclusion of law that Sidmon McHie was the guarantor of the bonds in suit, and the pleadings will be deemed amended to meet the proof. Federal Rules of Civil Procedure, rule 15 (b), 28 U.S.C.A. following section 723c. Low v. Davidson Mfg. Co., 7 Cir., 113 F.2d 364.

The judgment is reversed with instructions to vacate the judgment in favor of Sidmon McHie on the counterclaim, and to enter judgment against him on his written agreement of February 1, 1939 as guarantor of the payment of said bonds.